CASONE *et al. v.* STATE.

(*Nashville,* December Term, 1939.)

Opinion filed June 8, 1940.

280

H. R. RATCLIFF, of Memphis, for plaintiffs in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This case is before us on a writ of *certiorari* granted to review action of the court below charged to have been illegal and beyond its jurisdiction in the matters herein detailed.

The petitioners, Casone, Robilio and Burch, were arrested by deputy sheriffs of Shelby County charged with a violation of the liquor laws and certain liquors and a truck in which they were contained or being transported

were seized by the officers. An order was entered by a judge of the criminal court directing the sheriff to store and hold the liquors and truck subject to further instruction from the court.

The petitioners appeared in the criminal court and asked that court to vacate its order as to the storage of the liquors and truck and to direct that the same be turned over to the petitioners as their property or be turned over to the Commissioner of Finance and Taxation. The criminal judge refused to vacate his previous order and the sheriff holds the liquors and the truck pending further orders of the court.

It is insisted by the petitioners that under chapter 194 of the Public Acts of 1939, and under section 19 of chapter 49 of the Public Acts of 1939, the Commissioner of Finance and Taxation was clothed with the right to seize this truck and liquors and that under the same Acts the Commissioner has exclusive jurisdiction to determine what disposition shall be made of the articles seized. In other words, petitioners urge that the two Acts of 1939 effected a repeal by implication, or at lease a partial repeal, of Code, section 11224 *et seq.*, directing the sheriff and other peace officers to seize intoxicating liquors possessed in violation of the laws of this State and to hold such liquors pending further orders for their disposition by the circuit or criminal court.

We think this is a mistaken idea. The Acts of 1939 only authorized the seizure of liquors possessed or transported, and any vehicle containing them, contrary to some of the special provisions of chapter 49 of the Public Acts of 1939. The Code sections authorize the seizure of any liquor, stamped or unstamped, possessed ''in violation of any law of this state.'' The two Acts of 1939 fall far short of covering the whole ground covered by the Code

sections and certainly can not be treated as repealing the Code sections *in toto.*

Primarily, chapter 194 of the Public Acts of 1939 and section 19 of chapter 49 of the Public Acts of 1939 are revenue measures or measures to enforce payment of the liquor tax. The Code sections are based on chapter 50 of the Public Acts of 1919, which is a police measure strictly.

The seizure here having been made by the sheriff, he reported this seizure to the clerk of the criminal court and holds the liquors and the truck subject to the order of the court. It was his duty so to hold the liquors regardless of any preliminary order of the court under Code, sections 11225 and 11227.

It is to be noted that section 19 of chapter 49 of the Public Acts of 1939 authorizes the seizure of contraband liquors "by the Commissioner, or any duly authorized representative, agent or employee of the Department, without a warrant, etc."

Section 2 of chapter 194 of the Public Acts of 1939 authorizes such seizure "by the Commissioner of Finance and Taxation, or any duly authorized representative, agent or employee of the Department, or sheriff of any such county, without a warrant," etc.

Construing these Acts together it seems to us that it is the duty of a sheriff to deliver liquors seized by him to the Department of Finance and Taxation only in cases where the sheriff is acting as an agent or representative of that Department. Chapter 49 of the Public Acts of 1939 conferred this power of seizure upon the Commissioner and duly authorized agents of the Department only. Chapter 194 of the Public Acts of 1939 conferred the power upon the Department and its agents and also upon the "sheriff of any such county." However, the

caption of chapter 194 indicated that the Act would merely "empower the Commissioner of Finance and Taxation and his duly authorized agents" to function under the Act and if we construe the Act as giving such power to the sheriff, except when acting for the Department of Finance and Taxation, the body of chapter 194 of the Public Acts of 1939 would be broader than its caption.

Obviously, in the case before us, the deputies of the sheriff were acting under his general authority as a peace officer of the State proceeding conformably to section 11224 *et seq.* of the Code. The officers were not acting under authority of the Acts of 1939 and not as agents of the Commissioner of Finance and Taxation. They were undertaking to enforce the criminal laws of the State, not to collect revenue.

■ It will be observed that the authority to seize contraband liquors conferred on the Commissioner of Finance and Taxation by the two Acts of 1939 is permissive. Both Acts provide that such goods "may be seized by the Commissioner," etc. This, of course, was a wise provision. It was not intended to require that the Commissioner should seize all contraband liquors and proceed to sell them under the further provisions of the Acts of 1939. The liquors might be of value too small to justify such procedure or might be illicit articles, not having paid the Government tax, that could not be sold by the Commissioner except in violation of Federal statutes.

■■ We think, therefore, that the jurisdiction conferred on the Commissioner of Finance and Taxation to seize contraband liquors and direct a disposition of same did not confer upon him exclusive jurisdiction of such matters. The Acts of 1939 conferred on the Commissioner jurisdiction of such matters concurrent with the

jurisdiction of the courts conferred by Code, section 11224 *et seq.* It is elementary that when two courts have concurrent jurisdiction of a particular subject-matter, that tribunal which first obtains jurisdiction retains it.

The two Acts of 1939 contain a provision regulating reclamation procedure before the Commissioner, and both provide "the above procedure is the sole remedy of any claimant, and no court shall have jurisdiction to interfere therewith by replevin, injunction or in any other manner." Plainly this prohibition against interference by the courts relates to cases where the Commissioner has seized the liquors or the vehicle. No court is to interfere with his jurisdiction in such cases—that jurisdiction having attached.

Under the procedure outlined in Code, section 11224 *et seq.*, liquors found to have been received, possessed or transported in violation of the laws of this State are directed to be destroyed, unless a petition for reclamation is filed by some person claiming to have an interest therein. If on the hearing it appears that the receipt, possession or transportation of the liquors was unlawful, destruction is ordered. If it appears that such receipt, possession or transportation was lawful, necessarily the Act must be construed to mean that the court should direct the restoration of the liquors to the owner.

These sections of the Code were enacted at a time when there could be no legal sale of liquors in the State of Tennessee. Since that time the policy of the State has been changed and the sale of liquors is permitted in certain localities upon certain conditions. The sale of contraband liquors seized by the Commissioner of Finance and Taxation is especially required by the Acts of 1939.

■ In the case before us, if the court should determine that petitioners were legally in possession of liquors seized by the sheriff, naturally the court will direct the return of such goods to the owners. On the contrary, if the court should determine that the petitioners were not legally in possession of the liquors, and that the liquors were contraband goods, under authority of the Acts of 1939, the court might properly entertain an application from the Commissioner of Finance and Taxation asserting his jurisdiction to possess the liquors and sell them for the benefit of the treasury.

■ Meanwhile, the proceedings pending on the criminal court under Code, section 11224 *et seq.*, are proceedings *in rem* by the terms of those sections and the criminal court will retain jurisdiction of the *res* until it determines the proper disposition to be made thereof.

As the matter stands, the criminal court cannot make a proper order as to the disposition of the liquors until it ascertains whether they were received, possessed, or transported legally or illegally. The Code sections provide a method for the determination of that question.

■ It is conceded upon argument by the Attorney-General that the criminal court was without authority to direct the holding of the truck here involved. Unless, therefore, the Commissioner of Finance and Taxation intervenes, an order should be entered in the court below releasing that vehicle. To this extent, the relief sought by the petition for *certiorari* is granted. Otherwise the petition is dismissed and the case remanded to the court below for further proceedings in accordance herewith. One-half of the costs of this court incident to the petition for *certiorari* will be paid by the petitioners and the other half by the State.

Complaint is made as to an order entered by the court below subsequent to the granting of the petition for *certiorari*. Inasmuch as this order did not affect the *status* of the case or of the *res*, it may be disregarded.