## MILWAUKEE INSURANCE COMPANY v. BELLA GORDON, Executrix of the Estate of L. Shavin. —390 S.W.(2d) 680.

Eastern Section. November 20, 1964.

Certiorari Denied by Supreme Court April 5, 1965.

Folts, Bishop, Thomas, Leitner & Mann, Chattanooga, for plaintiff in error, Milwaukee Insurance Company.

Berke & Berke, Chattanooga, for defendant in error, Bella Gordon, executrix of the estate of L. Shavin.

COOPER, J. This suit was brought by the plaintiff, L. Shavin, in an effort to recover for the loss by fire of a dwelling and contents under a policy issued by the defendant, Milwaukee Insurance Company, and to recover the penalty provided by T.C.A. sec. 56-1105. The defendant demurred questioning the jurisdiction of the court, and, when the demurrer was overruled, filed special pleas setting up numerous defenses, the most important being (1) that the contract of insurance was not entered into with the plaintiff, but that the named insured was the "Estate of Anna Shavin"; (2) that no proof of loss had ever been submitted by the plaintiff as required by the policy of insurance; (3) that the actual cash value of the dwelling and contents were less than the limits of the policy; and (4) as the penalty, that the plaintiff was not the "holder of the policy" and that the defendant had acted in good faith at all times, especially in the face of conflicting claims made upon it by the plaintiff and by the "Estate of Anna Shavin".

·L. Shavin died and the suit was revived in the name of Bella Gordon as Executrix of his estate.

On trial, and after the introduction of all evidence, the Court directed the jury to return a verdict for the plaintiff for $12,000.00, the limits of the policy, with interest from the date of the loss to the date of the trial in the amount of $1440.00. The jury was permitted to pass upon the issue of whether or not a penalty should be awarded against the defendant for failure to pay the claim, and found in favor of the plaintiff. The penalty assessed by the jury was 25% of the verdict as directed by the Court, and amounted to $3,360.00. The total verdict returned by the jury, including the amount of the fire loss, interest and penalty, was $16,800.00. Defendant filed a motion for a judgment notwithstanding the verdict and in the alternative for a new trial, and, when it was overruled, appealed.

In the first two assignments of error, the defendant contends that the trial court erred in failing to sustain its demurrer, which was to the jurisdiction of the Court.

The declaration, as filed by the plaintiff, alleged that the dwelling had been insured by the defendant for a number of years in the name of Anna Shavin, the wife of the plaintiff; that she died, and defendant's agent (knowing that the plaintiff's wife had died) thereupon issued an endorsement in which he changed the name of the insured to "Estate of Anna Shavin". This endorsement was issued by the defendant through its agent at a time when the plaintiff was extremely ill and at a time when the agent failed to inquire as to the title to the property and failed to inquire as to whether or not the said Anna Shavin died with or without a will. As a matter of fact,

the said property was, and had been owned by the plaintiff and his wife as tenants by the entirety.

''Plaintiff alleges that while the said policy was in full force and effect and the premiums fully paid, he had a fire loss on November 27, 1961, which completely destroyed his home and his household goods.'' Plaintiff also averred that he complied with the terms and provisions of the contract of insurance and filed the necessary proof of loss.

From the above, it is apparent that the plaintiff was not the named insured in the contract of insurance which is the subject of this suit. Further, there were no allegations that the plaintiff and the named insured were one and the same, or that the policy was made to the plaintiff by the name appearing in the policy. The averments in the declaration, at best, can be construed to say no more than it was the intent of the defendant insurance company to act in behalf of the owner of the property and to insure him against loss by fire, and that through failure to determine title (or, as later alleged in the replication to defendant's special pleas, through the agent's mistaken belief that the changed endorsement would protect the owner of the property) named the ''Estate of Anna Shavin'' as the insured. To recover on this basis, in our opinion, would require a reformation of the contract of insurance and that, in effect, is what the plaintiff is seeking to do in the present case.

Plaintiff has cited us to several cases in support of his insistence that L. Shavin, though not the named insured, can recover in a court of law under the contract of insurance without the necessity of reformation. However,

on reading the cases, we find that they are not authority for the plaintiff's position.

Walton v. Germania Ins. Co., 6 Higgins (C.C.A.) 284, was an action at law by a person, known by two names, to whom the defendant insurer had issued a policy, and this fact was averred in the declaration. In overruling a demurrer which urged that suit could not be brought upon an insurance policy in a name other than that given in the contract, the Court stated:

"It is true the declaration avers that in the contract, Edith Walton is called Mrs. J. Murray, but it is averred, and by the demurrer admitted, that Mrs. J. Murray and Edith Walton are one and the same person. So that it is averred and admitted that the contract was intended to be made with Edith Walton; that it was made with Edith Walton, and that it is Edith Walton who seeks to enforce the contract. Certainly this is no offer to vary by parole the terms of the written contract."

The decisions of Gleason v. Insurance Company, 127 Tenn. 8, 28, 151 S.W. 1030 and Maryland Casualty Co. v. Gordon, 52 Tenn.App. 1, 371 S.W.2d 460, consider questions of the insurable interest of persons named in the policy of insurance, and do not pass upon the issue in this case of whether a person not a named insured may recover thereunder.

In the case of Henry v. Southern Fire & Casualty Co., 46 Tenn.App. 335, 330 S.W.(2d) 18, relied on by the plaintiff, the issue was whether or not the defendant insurer was estopped from relying on an exclusionary clause in the policy by its agent's representation that the policy gave plaintiff's full liability coverage, not, as in the case at bar, whether the plaintiff could bring suit

in his own name on a policy of insurance issued and made payable to the "Estate of Anna Shavin", without the necessity of reformation.

■ Having concluded that plaintiff cannot recover under the contract of insurance in the absence of reformation, the question then presented is whether plaintiff can reform the contract in an action at law in the face of an objection by the defendant insurance company. We think not.

The Chancery Court has "exclusive original jurisdiction of all cases of an equitable nature, where the debt or demand exceeds fifty dollars ($50.00), unless otherwise provided by this Code. * * *'' T.C.A. sec. 16-603.

These cases include "(5) [all suits for the reformation, re-execution, rescission and surrender of written instruments." Gibson's Suits in Chancery, Sec. 29, p. 27.

The Circuit Court, by statute, has been given concurrent equitable jurisdiction in many instances, viz., change of name, legitimation, divorce, adoption, dower, partition, sale of property and nuisances (T.C.A. sec. 16-507 et seq.). And in those equitable matters where the Circuit Court does not have concurrent jurisdiction it has jurisdiction to hear and determine the issues upon the principles of a court of equity "where objection has not been taken by demurrer to the jurisdiction," or can transfer the case to the Chancery Court for determination. T.C.A. sec. 16-511.

In Hewgley v. Trice, 207 Tenn. 466, 340 S.W.(2d) 918, the Supreme Court of this State, in an opinion by Mr. Justice Felts, pointed out that:

"[T.C.A. 16-511] can hardly be said to be a denial of the court's jurisdiction of the subject matter of such a

case, but is rather a recognition of such jurisdiction *if not challenged by demurrer, * * *.*"

In Gibson's Suits in Chancery, Sec. 1410, p. 794, it is noted that:

"The Chancery Courts having exclusive original jurisdiction of all cases of an equitable nature, where the debt exceeds fifty dollars, unless otherwise provided by law, the presumption is that every such case must be instituted in those Courts, and where a suit of an equitable nature is brought in the Circuit Courts, the complainant, on the question of jurisdiction being properly raised, must be able to point out some statute specifically conferring upon the Circuit Courts jurisdiction of that particular suit. This concurrent equitable jurisdiction of the Circuit Courts cannot be extended by construction, but must be strictly confined to the express limits designated by the statutes."

Under the above authorities, we see no alternative to holding that the Circuit Court was without jurisdiction to hear and determine the issues in the present case. Consequently, the judgment is reversed and the cause is remanded for further transfer to the Chancery Court. Costs incident to the appeal are adjudged against the appellant, Milwaukee Insurance Company.

McAmis, P. J., and Parrott, J., concur.