THE PAN-O-RAM CLUB, INC., Petitioner,

*v.*

STATE OF TENNESSEE ex rel. EDWARD E. DAVIS, Respondent.

395 S.W.2d 803.

(*Knoxville*, September Term, 1965.)

Opinion filed November 3, 1965.

MORGAN & GARNER, Chattanooga, for petitioner.

EDWARD E. DAVIS, District Attorney General, Chattanooga, for respondent.

138

M<small>R</small>. J<small>USTICE</small> C<small>RESON</small> delivered the opinion of the Court.

It is of prime importance to notice at the outset that this record and proceeding invokes the supervisory jurisdiction of this Court, as distinguished from its appellate function. This arises from the fact that the case is here on Petition for the Writ of Certiorari to review two interlocutory judgments of the Criminal Court of Hamilton County.

The case originated in the aforementioned Court by Petition of Edward E. Davis, District Attorney General, on relation of the State of Tennessee, to revoke the corporate charter of petitioner here, The Pan-O-Ram Club, Inc., and to abate an alleged public nuisance which the Petition asserts as being carried on by The Pan-O-Ram Club, Inc., "in the illegal and unlawful sale of whiskey and other alcoholic beverages, by the drink, in violation of the tippling laws of the State of Tennessee."

As mentioned above, two interlocutory judgments of the Hamilton County Criminal Court are brought in question by the Petition for Certiorari. The judgment first assailed overruled a Plea in Abatement to the jurisdiction of the Court, filed on behalf of The Pan-O-Ram Club, Inc., which raised the question that the Criminal Court of Hamilton County, Tennessee is without jurisdiction of that phase of the cause which seeks revocation of the Charter of The Pan-O-Ram Club, Inc.; for the reason that exclusive jurisdiction of such a cause is conferred upon the Circuit or Chancery Court by T.C.A. Secs. 16-605 and 23-2811.

The second interlocutory judgment complained of overruled a Motion to Quash Notices to Take Discovery Depositions of certain persons connected with The Pan-O-Ram Club, Inc., for the use and benefit of the petitioner below and respondent here. The essence of the contention made is that T.C.A. Sec. 24-1201 et seq. ''specifically precludes the taking of discovery depositions in any criminal proceeding or any proceeding in any Court of this State having criminal jurisdiction.''

There seems no real doubt but that the Criminal Court of Hamilton County has no expressly conferred jurisdiction of proceedings for the revocation of corporate charters; and this seems to be conceded. It is clear, also, that if the Criminal Court of Hamilton County in fact had no jurisdiction of such revocation proceeding, but attempted to assume such jurisdiction, that Court would, then, be acting illegally, or in excess of jurisdiction. The result of this would be that such action would be subject to supervisory review in the manner now sought. T.C.A. Sec. 27-801 et seq. This, too, is at least implicitly conceded; but the respondent in this Court insists that the

Criminal Court of Hamilton County does have express jurisdiction of that aspect of the case relating to public nuisance. He then seeks to invoke the equitable maxim that equity, having taken jurisdiction for one purpose, will retain jurisdiction for all purposes. That there is such an equitable maxim is not open to doubt. Gibson's Suits in Chancery, Edition 5, Sec. 45. It is the applicability of such maxim to the instant case that poses the real problem. As a first premise, the Criminal Court of Hamilton County is not a Court of equity or general equity jurisdiction. As a second, the only jurisdiction conferred upon the Criminal Court of Hamilton County with respect to the abatement of public nuisance segment of this case is a statutorily delegated concurrent jurisdiction with the Chancery Court of that subject matter. We cannot see that the above situation could ever be brought within the equity maxim sought to be invoked; especially when the elements of the maxim and the jurisdictional considerations which give rise to it are considered. Gibson's Suits in Chancery, Edition 5, Sec. 45. The provisions of T.C.A. Sec. 23-308, in our view, are of no aid in this connection. Those provisions relate only to the jurisdiction, power and conduct with respect to the abatement proceeding, itself.

■ It seems to us that the application of the maxim in question to a true equity court is a far different thing from the jurisdictional question presented here—that is, that a Criminal Court, having a narrow statutorily concurrent jurisdiction with the Chancery Court should apply the maxim of retention of jurisdiction for all purposes disclosed by pleadings. Especially is this the proper rule where, as in the case at bar, the original pleading misjoins two entirely separate and distinct causes of action. It is only coincidence and not jurisdic-

tion that the complainant, having right to sue, may be the same person. Truly, the maxim of retention of jurisdiction is, at least primarily, to be related to the inherent jurisdiction of the Chancery Court.

■ In view of the foregoing, it follows that the first Assignment of Error of the petitioner in this Court should be sustained; the Plea in Abatement to the jurisdiction of the Criminal Court of Hamilton County over that phase of the case relating to revocation of corporate charter should likewise be sustained. Upon remand, that phase of the case should be eliminated by appropriate order.

■ It does appear, however, that by the express terms of T.C.A. Sec. 23-301 et seq., the Criminal Court of Hamilton County does have jurisdiction of that phase of the case relating to abatement of public nuisance. Actually, this does not seem to be in question. This aspect of the case arises only out of the Trial Court's refusal to quash notice of discovery depositions. These depositions were apparently to be devoted to disclosing from The Pan-O-Ram Club, Inc. employees its allegedly illegal and unlawful sales of intoxicating beverages. The question made by the Petition for Certiorari is that the Tennessee Discovery Deposition Act, as Amended, T.C.A. Sec. 24-1201 et seq., has no application to a Court of criminal jurisdiction. In our view, this is not what the Code Sections is question say. The interdiction of those sections is against use of the discovery deposition procedure in criminal proceedings in a Court of criminal jurisdiction. It is not urged here that a proceeding under the Code Sections mentioned for the abatement of public nuisances is criminal in character. It follows that the action of the Trial Court in overruling the Motion to Quash the Notice

142

of Taking of Depositions was not in error; and the second Assignment of Error in this Court is overruled.

It will be the order of this Court that Assignments of Error will be in part sustained and in part overruled, as indicated; and that the cause be remanded to the Criminal Court of Hamilton County for further proceedings, not inconsistent with this Opinion. The costs of the cause in this Court are to be assessed against both parties, in even shares; the costs of the Court Below to await final disposition in that Court.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.