**STATE of Tennessee, Appellee,**

v.

**Phyllis HAZZARD, a/k/a Phyllis Long, a/k/a Phyllis Walker, a/k/a Phyllis Gallaher, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 30, 1987.

Permission to Appeal Denied by Supreme Court Feb. 1, 1988.

Dorothy B. Stulberg, Mostoller and Stulberg, Oak Ridge, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, W. Clark Meredith, Dist. Atty. Gen. Pro Tem., Oak Ridge, for appellee.

## OPINION

BYERS, Judge.

This case is before us on an interlocutory appeal by permission granted by the trial court and this court under Rule 9 of the Tennessee Rules of Appellate Procedure.

The question is whether pleas of guilty in the City Court of Oak Ridge, pursuant to warrants issued by that court at the behest of the district attorney general after the return of indictments in the Criminal Court for Anderson County for the same offenses, give rise to a valid plea of double jeopardy on the indictments in the criminal court. The trial judge ruled the pleas of guilty did not bar prosecution on the indictments, and we agree with the trial judge's ruling.

The judgment is affirmed, and the cases are remanded to the Criminal Court of Anderson County for further proceedings.

On July 23, 1986, a warrant was issued by the Oak Ridge City Court charging the defendant with shoplifting. On September 25, 1986, the defendant waived a preliminary hearing in the City Court and was bound over to the Grand Jury. On December 2, 1986, the Grand Jury returned a two-count indictment against the defendant, charging her with shoplifting, second offense.

On March 9, 1987, the defendant, with counsel, and the Assistant District Attorney General, Jan Hicks, appeared before the Criminal Court of Anderson County, wherein the indictments were pending. They executed waiver forms and presented a proposed guilty plea to the trial judge. The trial judge first rejected the forms offered because of a perceived defect therein. This matter was corrected to his apparent satisfaction. Nonetheless, the judge then rejected the guilty plea because the proposed punishment did not require the defendant, who had a previous shoplifting conviction, to pay a fine. The case was set for trial before a jury.

Subsequently, defense counsel was contacted by District Attorney General James Ramsey, who proposed that they appear before the city court and have issued new warrants covering the offenses alleged in the indictment. The purpose of this proposal was to submit the plea negotiated between the state and the defendant, which had been rejected by the judge of the criminal court, to the judge of the city court. Defense counsel questioned the propriety of this procedure, but after talking with some other attorneys, according to her tes-

timony, she concluded it was proper. The attorney general again contacted defense counsel and assured her that the procedure was proper and had been followed in another case in that county.

On April 2, 1987, the District Attorney General and the defendant, with counsel, appeared before the city court and had warrants issued on the charges. They proposed, with the addition of a fine, the previously negotiated pleas, which had been proposed and rejected in the criminal court. The city court judge accepted the pleas and was advised by the District Attorney General he would "nolle" the indictments pending in the criminal court.

The city court fixed the punishment as negotiated between the parties at a fine of $10.00 on each offense, payment of court costs, restitution, and supervised probation for eleven months and twenty-nine days. The defendant was given credit for fifty-three days during which she had been held in custody on the charges.

On April 3, 1987, the state filed a "notice" of nolle prosequi on the indictments in the criminal court on the basis that the convictions in city court constituted a bar to these prosecutions. On April 7, 1987, the judge of the criminal court denied the nolle prosequi and set the cases for trial in the criminal court.

The District Attorney General told the trial judge he would not prosecute the case, whereupon the trial judge announced he would appoint a district attorney general pro tem to prosecute the case and inquired if the District Attorney General had any objection. The District Attorney General responded that he had none. An order appointing an attorney general pro tem was entered on April 7, 1987.

On April 7, 1987, the defendant filed a motion to dismiss the indictments on the basis of the pleas of guilty in city court, asserting that the prosecution of the indictments would amount to double jeopardy.

On April 8, 1987, District Attorney General James Ramsey filed a written objection to the appointment of a district attorney general pro tem in this case and also filed a document called an offer of proof that purported to support the defendant's claim of double jeopardy. On April 13, 1987, Jan Hicks filed a response to the motion of the defendant to dismiss and asserted the prosecution would constitute double jeopardy. Jan Hicks filed this pleading in her capacity as an Assistant District Attorney General. Each of these pleadings was filed after the District Attorney General had announced he would not prosecute the case and after an attorney general pro tem had been appointed to prosecute the cases.

On April 16, 1987, the trial court conducted a hearing to determine the facts surrounding the proceedings in the City Court of Oak Ridge concerning this case.

On April 20, 1987, James Ramsey, in his capacity as District Attorney General, filed a motion for the trial judge to recuse himself.

From the evidence presented the trial judge found that the city judge was not advised that a plea bargain agreement had been rejected in this case when tendered to the judge of the criminal court. The city judge testified he had not been informed of this occurrence, and the District Attorney General testified he thought he had told the city judge about this. Defense counsel testified the city judge had been told of the plea rejection by the criminal court.

It is undisputed that the City Court of Oak Ridge has been given, by the Legislature, the jurisdiction along with the Criminal Court of Anderson County to finally dispose of misdemeanor cases. Thus each of these courts has subject matter jurisdiction over offenses of this nature.

In *Casone v. State*, 176 Tenn. 279, 285, 140 S.W.2d 1081, 1083 (1940), the Supreme Court speaking on the matter of concurrent jurisdiction said, "It is elementary that when two courts have concurrent jurisdiction of a particular subject matter, that tribunal which first obtains jurisdiction retains it."

In *American Lava Corp. v. Savena*, 476 S.W.2d 639 (Tenn.1972), the Supreme Court reiterated this rule and further held that the court first obtaining jurisdiction in concurrent subject matter jurisdiction cases has exclusive jurisdiction over the case. This rule has been followed in several other cases by our Supreme Court, which we see no need to cite herein. The rule followed in this state is the general and prevailing rule in this country. *See* 22 C.J.S. Criminal Law § 111(a) (1961).

Where one court with subject matter jurisdiction attempts to act in a case wherein another court with concurrent subject matter jurisdiction has previously exercised its jurisdiction, the action of the court not having first obtained jurisdiction is a nullity and the judgments entered therein are void. A valid plea of former conviction must be based upon a judgment properly entered by a court having jurisdiction over the subject matter of the case and jurisdiction of the person who makes the plea. The effect of the rule above set out divests a court of jurisdiction over the case when another court with concurrent subject matter jurisdiction has previously assumed jurisdiction of the case. In such an event the court attempting to exercise subsequent jurisdiction is acting without authority of law, and its judgments or orders are void and of no legal effect in the case.

The record clearly shows the Grand Jury of Anderson County returned indictments in these cases in the Criminal Court for Anderson County. Thus the Criminal Court of Anderson County exercised first, continuous, and exclusive jurisdiction over these cases. Only that court could make valid legal judgments and orders in these cases, and the purported exercise of the jurisdiction over the cases by the City Court was void. It follows, therefore, that the plea of double jeopardy is not well taken because its viability rests upon a judgment which is not viable, and the trial judge properly rejected the plea.

In the argument before the judge of the Criminal Court for Anderson County, the District Attorney General Pro Tem asserted that the jurisdiction of the city court was obtained by fraud, and the judge of the criminal court found the pleas in city court were "tainted with fraud."

In *State v. Colvin*, 30 Tenn. 410–11 (1 Hum.) (1850), the Supreme Court responded to a plea of former conviction before a justice of the peace filed to bar prosecution in the circuit court:

> To make a conviction under this statute [the small offense act of 1848 Ch. 55] a bar to prosecution in the circuit court, it must appear that the case was properly within the authority and jurisdiction conferred upon the justice, that the proceedings were fairly and legally conducted, and that all the material requirements of the statute were complied with, not colorably or collusively, but substantially and in good faith.
>
> . . . .

The evidence in this case and the finding of the judge of the criminal court brings this case within the rule above stated and further confirms the correctness of the ruling of the trial judge on the matter of double jeopardy.

We are satisfied the holding in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), does not prohibit prosecution of this case. In *Waller* the municipal court had jurisdiction over the subject matter of the case. The Supreme Court held that the states may assign jurisdiction to their various courts as they saw fit, but may not assign the jurisdiction of cases to more than one court in such a manner as to permit successive prosecutions for the same offenses in different courts on the basis of political subdivision. If such were the situation in this case, we would have no hesitancy in finding the state barred from further prosecution in this case. It is not, however, similar because at the time the City Court acted, it was without jurisdiction to do so.

The defendant has raised four other issues on this appeal. None of these issues

was certified to this Court under the provisions of Rule 9; nor did this Court grant permission for the interlocutory appeal in any matter other than the double jeopardy issue. Therefore, we will not review the other issues raised by the defendant.

We have set out the procedural background in this case well beyond what is necessary for our determination of the issue raised. We have done so because we are of the opinion we must speak of what these actions have brought about.

It is clear the District Attorney General was the moving force behind what took place. As a public official whose duty it is to enforce the law within the framework of statutes and decisional precedent, he is charged with the duty of properly doing so. His conduct, and to a lesser degree that of defense counsel, in circumventing long established procedures has wasted not only the resources of the City Court of Oak Ridge and the Criminal Court of Anderson County, but also the efforts of the Attorney General's office and the staff and time of this Court, all at the cost to the taxpayer. It does no credit to the criminal justice system of this state.

We are constrained to comment that such conduct is unwarranted and unjustified in this record and is subject to condemnation. What other conclusions or judgments are to be made upon these facts are for another tribunal to make. We, however, express a strong dissatisfaction with such conduct.

DAUGHTREY and BIRCH, JJ., concur.