# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

| | |
|---|---|
| **KING OF CLUBS, INC.**, | ) | Shelby County Circuit Court |
| | ) | No. 92230-6 |
| Plaintiff/Appellee. | ) | |
| | ) | |
| VS. | ) | C.A. No. 02A01-9801-CV-00024 |
| | ) | |
| **WILLIAM L. GIBBONS,** | ) | |
| **DISTRICT ATTORNEY GENERAL**, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

**FILED**

**June 17, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable George H. Brown, Jr., Judge**


**Paul G. Summers**, Attorney General & Reporter
**Michael E. Moore**, Solicitor General
**Steven A. Hart**, Special Counsel
Attorneys for Defendant/Appellant.


**Frierson M. Graves, Jr.**, Memphis, Tennessee
**Michael F. Pleasants**, Memphis, Tennessee
Attorneys for Plaintiff/Appellee.



OPINION FILED:

**VACATED AND REMANDED**


**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**HIGHERS, J.**: (Concurs)

Defendant William L. Gibbons, District Attorney General for the Thirtieth Judicial District of Tennessee, appeals a temporary injunction order entered by the Circuit Court which enjoined the District Attorney and his agents, servants, and employees from seeking certain injunctive relief against Plaintiff/Appellee King of Clubs, Inc. We vacate the Circuit Court's order based upon our conclusion that the court lacked the authority to enjoin the District Attorney from pursuing injunctive relief in another court of this state having concurrent jurisdiction of the District Attorney's claim.

The chancery, circuit, and criminal courts of this state have concurrent jurisdiction to hear and decide actions to abate public nuisances. *See* T.C.A. § 29-3-102 (1980); *see also Pan-O-Ram Club, Inc. v. State ex rel. Davis*, 395 S.W.2d 803, 804-05 (Tenn. 1965); *Milwaukee Ins. Co. v. Gordon*, 390 S.W.2d 680, 683 (Tenn. App. 1964). In December 1997, the District Attorney filed a petition to abate a public nuisance against the Plaintiff and others in the Criminal Court of Tennessee for the Thirtieth Judicial District at Memphis. As pertinent, the District Attorney's petition alleged that the Plaintiff operated a place of business located at 1741 E. Brooks Road in Memphis. The petition further alleged that the Plaintiff's place of business had become a public nuisance because the following activities were taking place on the premises: prostitution; promotion of prostitution; obscene live performances; unlawful massages; open and notorious lewd conduct; possession and distribution of illicit controlled substances; and unlawful sale of alcoholic beverages. The petition sought the following relief: (1) a temporary injunction closing the Plaintiff's place of business,[1] (2) an order authorizing the seizure of the personal property used in connection with the operation, maintenance, or conduct of the place of business;[2] (3) an order confirming the forfeiture of the seized personalty to the state;[3] and (4) a permanent injunction closing the Plaintiff's place of

---

[1]*See* T.C.A. § 29-3-105(a) (1980) (providing that, upon presentation of petition alleging existence of nuisance, trial court shall award temporary writ of injunction enjoining and restraining further continuance of such nuisance and closing building or place wherein same is conducted until further court order).

[2]*See* T.C.A. § 29-3-101(c) (Supp. 1997) (providing that all furnishings, fixtures, equipment, moneys, and stock used in or in connection with maintaining or conducting a nuisance are subject to seizure immediately upon detection by any law enforcement officer and are subject to forfeiture to state by order of court having jurisdiction upon application by any officers or persons authorized by statute to bring action for abatement of such nuisance).

[3]*See supra* note 2.

business and prohibiting the Plaintiff from keeping or maintaining a nuisance in the future.[4]

Instead of defending itself against the petition brought by the District Attorney in the Criminal Court, the Plaintiff responded by filing this lawsuit in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. The gravamen of the Plaintiff's complaint was its assertion that, by pursuing his claim for injunctive relief in the Criminal Court, the District Attorney improperly sought to restrain activities that were protected by the First Amendment to the United States Constitution[5] and by the "free expression" provisions of the Tennessee Constitution.[6] The Plaintiff's complaint sought the following relief:

> 1. The issuance of a temporary injunction or prior thereto a temporary restraining order enjoining the use of T.C.A. 29-3-105 which permits a temporary injunction closing a place of business as such injunction relates to the activities of Plaintiff protected by the First Amendment which is the presentation of entertainment either topless or completely nude. . . .
>
> 2. An order declaring that the temporary injunction provisions of the nuisance statute are unconstitutional on their face or as applied to the Plaintiff's First Amendment activities.
>
> 3. An order that the provisions in T.C.A. 29-3-101 permitting a petition for nuisance abatement because of obscene conduct so as to enjoin any future obscene conduct is a prior restraint and said provisions of the nuisance statute are unconstitutional on their face or as applied to the Plaintiff's First Amendment activities.
>
> 4. An order declaring that the lewdness and obscenity provisions are unconstitutional as overbroad, in violation of unreasonable search and seizure provisions, in violation of the First Amendment and in violation of procedural due process . . . .
>
> 5. An award of damages for the deprivation of Plaintiff's fundamental constitutional and civil rights.
>
> 6. An award of attorney's fees and costs pursuant to 42 U.S.C. 1983.

---

[4]*See* T.C.A. § 29-3-110 (1980) (providing that, if evidence at trial establishes existence of nuisance, trial court shall enter judgment or decree perpetually enjoining defendant and his agents or representatives from engaging in, conducting, continuing, or maintaining such nuisance and perpetually forbidding owner of building from permitting or suffering same to be done in such building).

[5]*See* U.S. Const. amend. I (providing that "Congress shall make no law . . . abridging the freedom of speech").

[6]*See* Tenn. Const. art. I, § 19 (providing that "[t]he free communication of thoughts and opinions, is one of the invaluable rights of man, and every citizen may freely speak, write, and print on any subject, being responsible for the abuse of that liberty").

After conducting a hearing, the Circuit Court entered a temporary injunction order which granted in part the Plaintiff's request for declaratory and injunctive relief. Specifically, the Circuit Court's order adjudged and decreed that

> the provisions of the nuisance statute T.C.A. 29-3-105 are unconstitutional as applied to First Amendment activities. The use of T.C.A. 29-3-105 to close the place of business of the Plaintiff so as to prevent it from providing entertainment protected by the First Amendment is an unconstitutional prior restraint. The District Attorney, William L. Gibbons, his agents, servants and employees are enjoined from seeking an injunction closing the business of the Plaintiff so as to prevent it from presenting activities protected by the First Amendment.

The District Attorney has appealed this order pursuant to rule 9 of the Tennessee Rules of Appellate Procedure.

We conclude that the Circuit Court's temporary injunction order must be vacated because it violates the concurrent jurisdiction rule. "It is elementary that when two courts have concurrent jurisdiction of a particular subject matter, that tribunal which first obtains jurisdiction retains it." *Casone v. State*, 140 S.W.2d 1081, 1083 (Tenn. 1940); *accord Kizer v. Bellar*, 241 S.W.2d 561, 563 (Tenn. 1951); *State v. Hazzard*, 743 S.W.2d 938, 940 (Tenn. Crim. App. 1987); *Metropolitan Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 879 (Tenn. App. 1982). The effect of this rule is to divest a court of jurisdiction "when another court with concurrent subject matter jurisdiction has previously assumed jurisdiction of the case." *State v. Hazard*, 743 S.W.2d at 941. In that event, "the court attempting to exercise subsequent jurisdiction is acting without authority of law, and its judgments or orders are void and of no legal effect." *Id*. In accordance with this rule, the court attempting to exercise subsequent jurisdiction may not prevent the litigation from proceeding in the first court, either by enjoining the parties from pursuing the litigation or by enjoining the proceedings themselves. *See Metropolitan Dev. & Hous. Agency*, 637 S.W.2d at 882; *see also Robinson v. Easter*, 344 S.W.2d 365, 366 (Tenn. 1961); *Hamilton Nat'l Bank v. Champion*, 303 S.W.2d 731, 734 (Tenn. 1957); *Aetna Life Ins. Co. v. Bellos*, 14 S.W.2d 961, 961 (Tenn. 1929).

Our supreme court has provided the following rationale for the concurrent jurisdiction rule:

> "It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, ***subject only to the appellate authority***, until the matter is finally and completely disposed of, and that no court of co-ordinate authority is at liberty to interfere with its action." 14 Am. Jur. p. 435, section 243. (Italics those of this Court.)

> This rule seems to us a reasonable and sound rule to follow. It rests on comity and necessity in avoiding conflict in the execution of the judgments and orders of independent courts, and is further necessary because any other rule would lead to hopeless confusion and in the end to calamitous results for litigants. There must be some final decision in so far as courts of concurrent jurisdiction are concerned. Two or more courts of the same jurisdiction cannot render a different final conclusion on the same question. When a litigant is cast in a lawsuit, he has the right of appeal to the proper appellate tribunal where any error of the lower court can be corrected. He should not be permitted to run from one court of equal jurisdiction to another of the same jurisdiction and there relitigate the same matter. Mr. Justice Caruthers, in ***Greenlaw v. Kernahan***, 36 Tenn. 371, 380 [(1857)], has well stated the rule and the reasons therefore, thus: "Every consideration of public policy and individual security requires, when a court of record acts upon and settles the rights of men, in cases when there is jurisdiction of the subject and person, that all may repose in safety and quiet upon such rights.

> A court of general jurisdiction is presumed to act correctly and upon sufficient grounds in all the intermediate steps as well as final determination of suits. But if the contrary should appear of record (in the opinion of any other court before which the record is proposed to be used), it would not affect the validity of the judgment or decree if the defect consisted only of irregularities and errors. Such defects may be grounds of reversal on appeal or writ of error in the same suit, but do not render the decree void, or the rights derived under it unavailing.

> A court before which the records of another, having jurisdiction, are used, can not review the proceedings to spy out irregularities that may have intervened, or erroneous orders that may have been made, or wrong conclusions arrived at. This is the province of a court of revision, and no other can notice their existence. As to all rights and interests arising under such judgments or decrees, they are as good and effectual as if such errors did not exist. If this were not so, every court in which it might become necessary to use or rely upon a record from another would become a court of errors, and there would be no certainty in titles or rights grounded on this, the highest of all assurances."

***Haley v. Doochin***, 208 S.W.2d 756, 757 (Tenn. 1948).

We conclude that the foregoing principles precluded the Circuit Court from entering

an order which purported to enjoin the District Attorney from proceeding against the Plaintiff in the abatement action filed in the Criminal Court. Both the Circuit Court and the Criminal Court had concurrent jurisdiction of the District Attorney's claim to abate a public nuisance. *See* T.C.A. § 29-3-102 (1980). Inasmuch as the Criminal Court first acquired jurisdiction of the District Attorney's claim, the Circuit Court lacked the authority to enter an order or decree which in any way interfered with the proceedings in the Criminal Court.

We recognize that the trial court's temporary injunction order could be interpreted as applying only to the District Attorney's efforts to enjoin activities protected by the First Amendment. If the temporary injunction order is interpreted in this manner, the order arguably does not enjoin the District Attorney from pursuing his public nuisance claim in the Criminal Court because his claim is based in part upon activities which are not protected by the First Amendment. We believe, however, that the Circuit Court's temporary injunction order was improper to the extent that it purported to enjoin the District Attorney from proceeding with any portion of his claim in the Criminal Court. Inasmuch as the Criminal Court first acquired jurisdiction of the action to abate a public nuisance, the Criminal Court is now the only trial court of this state with jurisdiction to determine the constitutionality of the abatement proceedings against the Plaintiff.

On appeal, the Plaintiff concedes that all of its constitutional challenges to the public nuisance statute may be raised as defenses in the pending Criminal Court action and, thus, that the Criminal Court has jurisdiction to determine the constitutional questions raised by the Plaintiff. Nevertheless, in urging this court to affirm the Circuit Court's order enjoining the District Attorney from seeking injunctive relief, the Plaintiff contends that it has a right to bring this action in the Circuit Court because the Criminal Court lacks jurisdiction to hear a civil action for damages and violation of civil rights.

We agree that the concurrent jurisdiction granted by the public nuisance statute gives the Criminal Court the authority to decide only the abatement action. *See Pan-O-Ram Club, Inc. v. State ex rel. Davis*, 395 S.W.2d 803, 804-05 (Tenn. 1965). We also agree that the Plaintiff has the right to bring a section 1983 claim in the Circuit Court. *See Poling v. Goins*, 713 S.W.2d 305, 306-07 (Tenn. 1986). We do not agree, however, that this right somehow confers upon the Circuit Court

the power or authority to enjoin the abatement proceedings which remain pending in the Criminal Court.

The trial court's temporary injunction order is vacated, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Plaintiff, for which execution may issue if necessary.


                                                    _____
                                                    FARMER, J.



_____
CRAWFORD, P.J., W.S. (Concurs)



_____
HIGHERS, J. (Concurs)