Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



**MEMORANDUM OPINION**

No. 04-08-00711-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Jay Alan **DISHMAN**,
Appellee

From the County Court at Law, Medina County, Texas
Trial Court No. 2340
Honorable Vivian Torres, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Rebecca Simmons, Justice

Delivered and Filed:    May 6, 2009

REVERSE AND RENDER JUDGMENT

Jay Alan Dishman's driver's license was suspended following his failure of an alcohol

concentration test. Dishman challenged his license suspension at an administrative hearing; the

Administrative Law Judge (ALJ) sustained the suspension. Dishman appealed the administrative

decision to the trial court, and the trial court reversed the decision. The Texas Department of Public

Safety (TDPS) appeals the trial court's decision, and raises issues regarding 1) the number of

continuances that an ALJ is authorized to grant, and 2) the trial court's review of the ALJ's evidentiary rulings. We reverse the judgment of the trial court and render judgment reinstating the ALJ's order suspending Dishman's driver's license.

## BACKGROUND

Trooper Robert E. Russell observed Dishman failing to stop at a stop sign, and traveling at a speed twenty miles over the speed limit. After Trooper Russell stopped Dishman, questioned him about whether he had been drinking, and conducted field sobriety tests, he arrested Dishman for driving while intoxicated. Dishman provided a breath specimen showing his breath alcohol concentration to be 0.177; his license was subsequently suspended. Dishman requested an administrative hearing to contest the suspension. After hearing testimony and considering the evidence, the ALJ rendered a decision sustaining Dishman's driver's license suspension.

Dishman appealed the ALJ's decision to the trial court. The trial court reversed the administrative decision, specifically finding that: 1) a second continuance granted by the ALJ was outside the ALJ's authority; 2) the court could not determine if a video of the encounter was admitted into evidence; 3) the court could not determine if the video was reviewed by the ALJ or if it was part of the record of the administrative law hearing; 4) Dishman was denied the right to examine the trooper using the video; 5) Dishman was denied introduction of the portable testing device as evidence and the opportunity to examine the trooper regarding it; 6) Dishman was denied due process of law; and 7) the administrative decision was issued in violation of section 2001.174 of the Administrative Procedures Act. TDPS appeals the trial court's reversal of the administrative decision.

**STANDARD OF REVIEW**

A review of an administrative license suspension is conducted under the substantial evidence standard of review. *See Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). Under this standard, the reviewing court cannot replace the ALJ's judgment with its own. *See R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex. 1995). If the ALJ's decision is supported by more than a scintilla of evidence, that decision must be upheld. *See id.* at 792-93. However, a trial court may reverse an ALJ's determination if a substantial right of the appellant has been prejudiced because the ALJ's findings, inferences, conclusions, or decisions are not reasonably supported by substantial evidence considering the record as a whole. *See* TEX. GOV'T CODE ANN. 2001.174(2)(E) (Vernon 2008).

The court of appeals reviews the trial court's substantial evidence review de novo. *Tex. Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex. App.—San Antonio 1997, no pet.). In determining whether the ALJ's decision was supported by substantial evidence, this court is governed by the following principles: 1) the trial court will hear and consider evidence to determine whether reasonable support for the ALJ's order exists, but the ALJ remains the primary fact finding body, and the question for the trial court is strictly one of law; 2) the trial court may not substitute its judgment for that of the ALJ on controverted issues of fact; 3) if the ALJ heard substantial evidence that would support either an affirmative or negative finding, the trial court must allow the ALJ's order to stand, even if the court would have differed with the result; 4) the trial court may not set aside the ALJ's ruling merely because there was conflicting or disputed testimony; and 5) the trial court is concerned only with the reasonableness of the ALJ's order not its correctness. *Tex. Dep't of Pub. Safety v. Fecci*, 989 S.W.2d 135, 139 (Tex. App.—San Antonio 1999, pet. denied).

CONTINUANCES

In its first issue, TDPS claims the trial court erred in ruling that the ALJ was not authorized to grant a second continuance on the administrative hearing. Dishman's original hearing was scheduled for March 3, 2008. TDPS requested a continuance because Trooper Russell was not available on that date, and the ALJ reset the hearing for March 17, 2008. TDPS then requested a second continuance, as the technical supervisor responsible for maintaining the instrument used to test Dishman was not available on that date; the ALJ again reset the hearing for March 31, 2008. Dishman argued TDPS was allowed only one continuance, and on appeal the trial court agreed, holding the second continuance was granted outside of statutory or administrative law authority. We disagree with the trial court.

TDPS argues that under Transportation Code section 524.039(b), an ALJ has to allow one continuance per witness, but is also authorized to allow other continuances for good cause. It also notes that while the trooper and technician were considered TDPS witnesses, they were subpoenaed at Dishman's request. Dishman, however, argues the first continuance granted by the ALJ was in violation of section 159.11 of the Texas Administrative Code because there was no showing Trooper Russell was not available or could not appear; rather, the request simply stated Trooper Russell was unable to leave his duty station. In addition, Dishman contends the second continuance should not have been granted because section 159.11 allows for only one continuance.

We agree with TDPS's argument that the ALJ acted within its discretion in granting more than one continuance. Section 524.039(a) provides the procedure to be used by a defendant "requesting the presence at the hearing of the breath test operator who took the specimen of the person's breath to determine alcohol concentration or the certified breath test technical supervisor

responsible for maintaining and directing the operation of the breath test instrument used to analyze the specimen of the person's breath . . . ." TEX. TRANSP. CODE ANN. § 524.039(a) (Vernon 2008). Section 524.039(b) notes that "[t]he department may reschedule a hearing once not less than 48 hours before the hearing if the person requested to attend under Subsection (a) is unavailable;" however, it also provides that the department can reschedule a hearing on "showing good cause that the person requested under Subsection (a) is not available at the time of the hearing." *Id.* § 524.039(b). Courts have recognized the discretion given to an ALJ to grant continuances. 1 TEX. ADMIN. CODE § 159.11(e) (2008) (State Office of Administrative Hearings); *see, e.g., State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984); *Texas Dep't of Public Safety v. Struve*, 9 S.W.3d 796, 801 (Tex. App.—Corpus Christi 2002, pet. denied); *Texas Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 496 n.3 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Consequently, the judge did not err in granting more than one continuance due to the unavailability of witnesses.

Dishman also argues the ALJ erred in granting TDPS's continuance requests because TDPS did not provide within its requests the required three dates during which the parties would be available for rescheduling of the hearing, a certificate of service, or certificate of conference per section 159.11(e). The referenced rule states:

> . . . . A party requesting a continuance shall supply three dates during which the parties would be available for rescheduling of the hearing, which dates, the Judge will consider in resetting the case. Failure to include a certificate of service, a certificate of conference, or supply three alternative dates **may result in denial of the continuance request** or subsequent continuance requests in the same case.

1 TEX. ADMIN. CODE § 159.11(e) (emphasis added). While the rule states the requesting party "shall supply" either a certificate of service, certificate of conference, or three alternative dates, it provides a permissive rather than mandatory remedy for noncompliance. Denial of the request was at the

ALJ's discretion, and therefore the ALJ did not err in granting the continuance request regardless of the missing information.

The trial court erred in holding the second continuance by the ALJ was granted outside of statutory or administrative law authority. TDPS's first issue is sustained.

## VIDEO EVIDENCE

In its second issue, TDPS argues the trial court erred in finding the video of the encounter was not properly admitted and that Dishman's rights were prejudiced by his inability to question Trooper Russell about the video. At the hearing, Trooper Russell announced he had brought a copy of the video of the encounter pursuant to a subpoena duces tecum, but he was prohibited from leaving it with the court. The ALJ granted a recess so TDPS could either produce the video or provide a written explanation for why it should not be required to do so. When the hearing reconvened at a later date, Trooper Russell did not appear as he had been released from his subpoena, and the video was not produced. The ALJ ordered production of the video within five days, and TDPS produced a copy for the administrative record. After the evidence was received, the ALJ rendered a decision sustaining the suspension of Dishman's driver's license. On appeal to the trial court, the trial court found it was not clear if the ALJ admitted the video, and Dishman was denied the opportunity to cross-examine Trooper Russell after the video was produced.

TDPS argues the video was admitted into evidence, noting that it is listed in the table of contents of the administrative record as a defense exhibit, and that the ALJ's findings of fact included information that could have been gathered only by viewing the video. While this might be the case, review of the record reveals nothing more than inclusion of the video in the listing of

defense exhibits, and that during the last hearing the ALJ stated the video was to be produced for inclusion in the record.

"Appellate courts have repeatedly held that evidence that is not objected to and that the trial court and the parties treat as admitted is, for all practical purposes, admitted." *Texas Health Enterprises, Inc. v. Texas Dep't of Human Services,* 949 S.W.2d 313, 314 (Tex. 1997) (citations omitted). Here, because the evidence was not presented during a hearing, the parties did not have any chance to object to its admission. Consequently, we conclude the video was not admitted as evidence during Dishman's license suspension proceedings.

Although we conclude the video was not admitted into evidence, this in itself does not necessarily warrant reversal by the trial court. Reversible error does not usually occur in connection with rulings on questions of evidence unless the party contesting its admission can demonstrate that the whole case turns on the particular evidence that was admitted or excluded; consequently, if the ALJ took the video into consideration when making his decision, the error is harmless if it is cumulative of other evidence that was admitted on the same issue. TEX. R. APP. P. 44.1(a); *see Pitman v. Lightfoot*, 937 S.W.2d 496, 518 (Tex. App.—San Antonio 1996, writ denied ) (citations omitted).

TDPS acknowledges that even if the video was admitted into evidence, the only part of the video that was not cumulative of Trooper Russell's testimony, and which was referenced in the ALJ's findings of fact, had to do with hearing the defendant over dispatch chatter, and a statement that the test was done at night, in a rural area, without any illumination other than the trooper's vehicle's lights and his flashlight. In reviewing the agency record, the existence of substantial evidence turns on the question of reasonableness. *Texas Dep't of Public Safety v. Pruitt*, 75 S.W.3d

634, 639 (Tex. App.—San Antonio 2002, no pet.). The findings and conclusions of the agency are presumed valid. *Id.* If there is evidence to support either affirmative or negative findings on a specific matter, the administrative decision must be upheld. *Id.* (citations omitted). Based on the remaining evidence introduced by Trooper Russell during Dishman's hearing, there was substantial evidence introduced to support the ALJ's findings.

We note that although Dishman sought admission of the video during the initial hearing, noting that he thought it contained information that might help his case, he did not file a formal bill of exception outlining what that evidence might have been. *See* TEX. R. APP. P. 33.2; *Barr v. Texas Dep't of Public Safety*, No. 04-02-00880-CV, 2003 WL 22047615, *1 (Tex. App.—San Antonio 2003, no pet.) (mem. op.) (not designated for publication) ("Because appellant did not make a bill of exceptions that showed what the excluded testimony would have been, he did not preserve his complaint for our review."). In addition, Dishman's brief to this court did not explain what probative evidence might have been revealed had the video been introduced during a hearing so that he could cross-examine Trooper Russell regarding its contents.

Based on the above, TDPS's second issue is sustained.

### PORTABLE BREATH TESTER

In its third issue, TDPS claims the trial court erred in holding the ALJ denied Dishman the opportunity to introduce the portable testing device as evidence and to examine the portable breath tester. During Trooper Russell's testimony, Dishman asked him if he had brought the portable testing device used to test Dishman's breath the night of the arrest. Trooper Russell responded that the device was in his vehicle. Dishman then stated that he had subpoenaed the device, but did not enter any objection or obtain a ruling from the ALJ. On appeal, the trial court found Dishman was

denied the portable breath testing device and the ability to cross-examine Trooper Russell in violation of the subpoena duces tecum.  We disagree with the trial courts's finding.

Review of the subpoena reveals that the portable testing device was not included as part of the requested items; in fact, the subpoena simply requested "any and all manuals, books . . . as to Robert E. Russell's training and pertaining to . . . Robert E. Russell's operation of the portable breath testing device/maching/instrument . . . used on Jay Alan Dishman . . . ."  The device itself was not subpoenaed.  Even if the device had been included in the subpoena, Dishman waived this matter when he failed to enter a proper objection and receive a ruling on the matter.  *See* TEX. R. APP. P. 33.1(a).  TDPS's third issue is sustained.

### BASIS OF REVERSAL

In its fourth issue, TDPS contends the trial court erred in impliedly reversing the administrative decisions on some basis not specified in its order.  In its judgment, the trial court stated Dishman was denied due process of law, and that the administrative decision was in violation of section 2001.174 of the Administrative Procedures Act.

The trial court's due process finding appears to originate from Dishman's complaint that the evidence gained through Trooper Russell during his questioning and field testing of Dishman was inadmissible.  Dishman complained that he never received *Miranda* warnings before being questioned, and did not know his answers and test results could be used against him.  *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966) (holding that when an individual is subjected to questioning while in custody without being first warned of his rights and without voluntarily waiving those rights, any evidence obtained as part of that questioning may not be used against him at trial); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2005).  However, we find this argument

unconvincing. *Miranda* and article 38.22 apply only to custodial interrogations. *Dowthitt v. State*, 931 S.W.2d 244, 263 (Tex. Crim. App. 1996). As we have previously held:

> Being in custody is distinguishable from being held as part of a temporary investigative detention. An officer who lacks probable cause but whose observations lead to a reasonable suspicion that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke the suspicion. The officer may ask a moderate number of questions to determine the person's identity and to try to gather information to confirm or dispel the officer's suspicions.

> Like a temporary investigative detention, a traffic stop does not exert "upon a detained person pressures that sufficiently impair his free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights." This is for two reasons: traffic stops tend to be brief, so drivers expect to answer a few questions and be on their way shortly. Also, traffic stops tend to be in public rather than at a station house, so drivers do not feel completely at the mercy of the police.

> In determining whether an individual was in custody, a court must examine all of the circumstances, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement to the degree associated with a formal arrest. The relevant question is not the officer's subjective intent, but rather how a reasonable person in the suspect's position would have understood the situation. The "reasonable person" standard assumes an innocent person. The officer's subjective view that the individual under questioning is a suspect, if undisclosed, is irrelevant to the question of whether an individual is in custody for *Miranda* purposes.

*Hernandez v. State,* 107 S.W.3d 41, 47 (Tex. App.—San Antonio 2003, pet. ref'd).

The traffic stop in this case was an investigative detention based on a reasonable suspicion that a crime was being committed. Specifically, Trooper Russell observed Dishman failing to stop at a stop sign, and speeding more than twenty miles per hour over the speed limit. Once Trooper Russell stopped him, it took Dishman more than twenty seconds to get his door open and exit the car. When Dishman exited the car, Trooper Russell observed that he was swaying, had red, bloodshot eyes, and had a strong odor of alcohol coming from his mouth. When asked, Dishman told Trooper Russell he was coming from a bar and admitted to having eight or nine drinks while

there. Dishman then failed several field sobriety tests. On these facts, Dishman was not in custody

for *Miranda* purposes until Trooper Russell formally arrested him, and therefore his due process

rights were not violated.

Finally, the trial court found the ALJ's decision was in violation of section 2001.174 of the

Administrative Procedures Act. Section 2001.174 states:

> [The reviewing court] shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (A) in violation of a constitutional or statutory provision;
>
> (B) in excess of the agency's statutory authority;
>
> (C) made through unlawful procedure;
>
> (D) affected by other error of law;
>
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
>
> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174 (2) (Vernon 2008).

We disagree with the trial court's finding. Based on the issues discussed above, the ALJ's

decision was not made in violation of section 2001.174, and was reasonably supported by substantial

evidence. TDPS's fourth issue is sustained.

## CONCLUSION

The trial court's judgment is reversed and judgment is rendered reinstating the ALJ's

decision suspending Dishman's driver's license.

Catherine Stone, Chief Justice