## In re Scalf's Adoption.

### (*Knoxville*, September Term, 1940.)

Opinion filed November 23, 1940.

S. E. Hodges and Strauss & Strauss, all of Knoxville, for Children's Bureau of Knoxville and Knox County.

Kennerly & Key, of Knoxville, for petitioner Chas. J. Brown.

Mr. Chief Justice Green delivered the opinion of the Court.

The sole question we are asked to determine is whether an appeal in a case like this from the Juvenile and Domestic Relations Court of Knox County, Tennessee, lies to the circuit court of that county or to the Court of Appeals.

The case in the Juvenile and Domestic Relations Court involved the custody of two young children. Their mother was dead and they had been deserted by their father. Charles J. Brown of Knoxville wished to obtain custody of the children, with view to their adoption, and filed a petition setting out his desires in the matter, his condi-

tion in life, his financial responsibility, etc. The Children's Welfare Bureau, a corporation organized for purposes indicated by its title, having custody of the children, appeared in the Juvenile and Domestic Relations Court and opposed the application of Brown, averring that he was not a suitable person to be entrusted with the custody and upbringing of the children. There was a hearing in that court, Brown's petition was granted, and an order was entered directing that the children be turned over to him. It appeared that it was his purpose later to file a petition in the county court of Knox County for the adoption of the children, the Juvenile and Domestic Relations Court not having jurisdiction of such proceedings.

The proceedings before the Juvenile and Domestic Relations Court seem to have been rather informal. There was an appearance, however, by an officer of the Children's Welfare Bureau in opposition to the application of Brown. On request of this official, the order directing that the children be turned over to Brown was stayed for a few days. Later the Children's Welfare Bureau undertook to appeal from the order or judgment of the Juvenile and Domestic Relations Court to the circuit court. This appeal was disallowed by the judge of the former court on the ground that appeal did not lie from his court to the circuit court but that such an appeal should be taken to the Court of Appeals.

Such being the situation, the Children's Welfare Bureau filed a petition for *certiorari* to take the case up to the circuit court. The writ was awarded by the chancellor at Knoxville but later, upon a hearing in the circuit court, the petition for *certiorari* was dismissed and an appeal from this judgment of dismissal was taken directly to this court.

A juvenile court was created for Knox County by chapter 277 of the Private Acts of 1913. The jurisdiction conferred on that court was about the same as that conferred generally on juvenile courts over the State by chapter 58 of the Acts of 1911, Code, section 10269 *et seq.* However, in section 10 of chapter 277 of the Private Acts of 1913 it was provided that "an appeal may be taken from the final order of the court to the Circuit Court," upon conditions named, and this section further provided that "Trials upon appeal shall be had at the first term after appeal, and unless a jury is demanded on the first day of the first trial term, the Circuit Judge may hear and determine the appeal either in term time or in vacation."

It will be recalled that in the general statute, heretofore referred to, no right of appeal from the judgment of the juvenile courts was given, and review of such judgments could only be had in the circuit court upon petition for *certiorari*. *State* v. *Bockman,* 139 Tenn., 422, 201 S. W., 741.

The Act creating the Knox County Juvenile Court was amended in details by later Acts but the original provision for appeals was not altered until chapter 628 of the Private Acts of 1923 was passed. Section 2 of the Act of 1923 provided: "That the last sentence in Section 10 of said Chapter 277 of the Acts of 1913 shall be stricken out, said sentence being in words, to-wit: 'Trials upon appeal shall be had at the first term after appeal, and unless a jury is demanded on the first day of the first trial term, the Circuit Judge may hear and determine the appeal either in term time or in vacation,' and the following sentence shall be inserted in its stead: 'All appealed cases shall be heard by the Circuit Judge im-

mediately after their appeal either in term time or in vacation and without the intervention of a jury.' ''

The Knox County Juvenile Court Act was further amended by chapter 634 of the Private Acts of 1925 and it is insisted that this Act has the effect of diverting appeals from the juvenile court from the circuit court to the Court of Appeals. Counsel have analyzed the Act of 1925 in detail and pressed upon us several sections of that statute as being effective to change the course of appeals from the Knox County Juvenile Court.

The Act of 1925 changes the name of the Knox County Juvenile Court to the ''Juvenile and Domestic Relations Court of Knox County, Tennessee.'' Among other things the Act of 1925, section 10, provides: ''That the said court shall have and exercise original and concurrent jurisdiction with the Circuit and Chancery Courts in all cases of divorces which may be brought in Knox County, with full power, authority and jurisdiction heretofore conferred upon or exercised by any other Court in Knox County, with full power to make and enforce by legal process orders and decrees, such judgments, decisions and orders as may be properly or lawfully made in the premises, including the determination, care and custody of any child that may be involved, the allowance of alimony; support and maintenance of the wife or children and the enforcement of such order by writs of habeas corpus, injunction, attachment, and orders of contempt, or by other provisions authorized by law; provided that any person who may knowingly, wrongfully and unlawfully cause or contribute to cause the disruption of the marital relations or separation of husband and wife, may be made a party to such proceedings and dealt with by judgment or decree accordingly as the facts may appear, and by

all lawful and legal process, or order or decree, or for contempt or otherwise.''

We have examined other sections of the Act of 1925 and, leaving out of consideration section 10 above quoted, we see nothing in that Act which affects the provisions of the earlier Acts that appeals from the Juvenile Court of Knox County go to the circuit court of that county. The Act of 1925 and the other Acts involved are all expressly entitled as Acts to amend the original Act of 1913. There is no provision in the Act of 1925 dealing with appeals from the Knox County Juvenile Court or the Knox County Juvenile and Domestic Relations Court, and there is nothing in the Act of 1925, excluding section 10, irreconcilable with the provisions in the earlier Acts that these appeals go to the circuit court.

Returning to section 10 of the Act of 1925, it will be seen that there is conferred upon the Juvenile and Domestic Relations Court of Knox County ''original and concurrent jurisdiction with the Circuit and Chancery Courts in all cases of divorces which may be brought in Knox County, with full power,'' etc. Now, a jurisdiction concurrent with the circuit and chancery courts is a jurisdiction the exercise of which is reviewable in the Court of Appeals or in this court. We therefore think that appeals from the Juvenile and Domestic Relations Court of Knox County in cases where that court exercises the jurisdiction conferred by section 10 of the Act of 1925 should properly be taken to the Court of Appeals or to this court as the nature of the case may require.

However, as we have said, no provision in the Act of 1925 indicates an intent that appeals in an ordinary juvenile court case, like the one before us, should be taken to the Court of Appeals rather than to the circuit court. Such cases involving the custody of delinquent and de-

pendent children are quite generally informally heard, the parties not being represented by counsel. To require the preservation of a bill of exceptions, motion for a new trial, and other steps necessary in the removal of a case from a court of law to the Court of Appeals, would deprive the provision for appeal contained in these statutes of most of its usefulness. Parties involved, without professional advice, would be utterly incapable of perfecting such an appeal. The appeal contemplated by the Act of 1913 and the amendment thereto was an appeal similar to that taken from a magistrate's court to the circuit court, with the hearing *de novo* in the circuit court. The Act of 1923 further provided that such appeals should be heard by the circuit judge either in term time or in vacation with a view of hastening disposition of the matter. Did such appeals go to the Court of Appeals, necessarily a hearing there would be delayed, at least, until the next term time of that court.

Counsel argue that chapter 100 of the Public Acts of 1925 establishing a Court of Appeals was effective to give that court jurisdiction of appeals from the Juvenile and Domestic Relations Court of Knox County. Reliance is placed upon the language of the Court of Appeals Act that "The jurisdiction of the Court of Appeals shall be appellate only, and shall extend to all civil cases except those involving constitutional questions, the right to hold a public office," etc. Section 10. The contention is that "all civil cases" includes these matters submitted to the Juvenile and Domestic Relations Court of Knox County.

We are not able to give such a scope to the words all civil cases. Construing these words as broadly as do counsel would give the Court of Appeals jurisdiction of all appeals from justices of the peace and certainly the Legislature had no such intent as this.

588

As appears from section 1 of chapter 100 of the Acts of 1925, the Court of Appeals was created "in lieu of the present Court of Civil Appeals," and the jurisdiction of the Court of Civil Appeals was confined to appeals from courts of law and equity. Much wider jurisdiction was conferred upon the Court of Appeals with respect to the character of cases coming up from courts of law and equity than had been reposed in the Court of Civil Appeals. We think, however, it was not intended by chapter 100 of the Acts of 1925 to give the Court of Appeals jurisdiction of appeals coming up from additional lower tribunals.

Inasmuch as the Children's Welfare Bureau was denied an appeal to the circuit court, its only method of review was by petitioning for *certiorari,* and we think the circuit court improperly dismissed this petiton for *certiorari.* The judgment of the circuit court will accordingly be reversed and this case remanded to that court for a hearing *de novo,* as on appeal or *certiorari* from the judgment of a magistrate.

Our conclusion as to this matter is reenforced by a like conclusion of the Court of Appeals in *Re Custody of Joyce Bray,* Knox County,[1] heretofore announced, in which case the judgment of the Court of Appeals was not challenged.

[1] No opinion for publication.