TENNESSEE DEPARTMENT OF HUMAN SERVICES, Assignee of Delores Anne King, Plaintiff-Appellant,

v.

Luther Leon LUMLEY, Defendant-Appellee.

Supreme Court of Tennessee.

Aug. 30, 1982.

Harold W. Horne, Memphis, Michael E. Terry, Deputy Atty. Gen., Nashville, for plaintiff-appellant.

Wilburt J. Chiapella, Memphis, for defendant-appellee.

## OPINION

DROWOTA, Justice.

This case is before this Court on a procedural issue: whether a decision by a juvenile court on a question of law in a paternity suit (TCA § 36–222 et seq.) should be appealed to circuit court or to the Court of Appeals.

The child in question was born May 6, 1972. The Department of Human Services as assignee of the mother, a welfare recipient, brought action against the defendant herein on August 11, 1977. The action was transferred to circuit court and a jury trial was actually held, in which defendant was found to be the father and liable for support of the child. However, the defendant had received no notice of the trial and successfully petitioned to have the jury verdict vacated on June 7, 1979. Subsequently, defendant filed a motion in *juvenile* court for dismissal of the action, pleading, inter alia, that the action was barred by the statute of limitations, TCA § 36–224(2). Consequently, on February 4, 1980, the circuit court, by consent of the parties, remanded the entire cause to juvenile court. The parties stipulated that defendant denied paternity and had not acknowledged the child in writing or by furnishing support.

On November 26, 1980, the juvenile court entered an order denying the defendant's motion to dismiss, finding that the general two-year statute of limitations did not apply to the Department of Human Services: That a petition may be brought by the Department prior to the child's eighteenth birthday. The court granted defendant permission to seek an interlocutory appeal in the Court of Appeals. That court granted permission to bring such an appeal under TRAP 9. On May 1, 1981, the plaintiff filed a motion in the Court of Appeals, requesting that the circuit court clerk be ordered to send up the record of the proceedings which had taken place in circuit court. It was alleged that that record was needed, in addition to the record from juvenile court, in order to formulate an appropriate response to the defendant's brief and to explain the issues on appeal. The motion asserted the need to incorporate portions of the circuit court record. The only issue which had been certified to the Court of Appeals was:

Does the statute of limitations set forth in Tennessee Code Annotated, Section 36–224(2) bar the Tennessee Department of Human Services, Assignee, from proceeding in this paternity case instituted more than two (2) years from the birth of the child where the defendant has not acknowledged paternity in writing or by the furnishing of support?

Thus, the sole issue was one of statutory interpretation. Neither questions of evidence nor of constitutionality were raised.

Meanwhile, on April 7, 1981, this Court entered an order pertaining to another case,

which caused confusion in the case at bar. The April 7 order was vacated on June 22, 1981, but on June 8 the Court of Appeals denied plaintiff's motion to transfer the record from circuit court and, on its own motion, dismissed the TRAP 9 appeal.

The confusion caused by the order of April 7, 1981, was between TCA § 37–258(a), which makes the blanket provision that "any appeal from any final disposition of a child, except a disposition pursuant to § 37–234, may be made to the circuit court which shall hear the testimony of witnesses and shall try the case de novo"; and § 36–235, which provides:

> An appeal from any final order or judgment of any court having jurisdiction of the proceedings as provided for in this chapter may be perfected to the court of appeals within thirty (30) days after the entry of said order or judgment, and the same shall be reviewable de novo as are other equity appeals.

■ The appeal in this case was not from a "final disposition of a child," § 37–258(a), but from a question of law decided by a court "having jurisdiction of the proceedings as provided for in this chapter [Title 36, Chapter 2, Bastardy]," § 36–235. Therefore, the Court of Appeals was correct in granting permission to appeal under TRAP 9 in the first instance; and it was in error in dismissing the appeal after having granted the permission.

■ Normally, we would remand the cause to the Court of Appeals for consideration of the underlying issue certified to it by the juvenile court. However, in this case, the same issue was ruled upon by this Court in the case of *Pickett v. Brown,* 638 S.W.2d 369 (Tenn.1982), released simultaneously this date. That is to say, *Pickett* holds that TCA § 36–224(2) creates an exception to the general two-year limitation period in paternity actions; and that in any case where the child is or is likely to become a public charge, suit may be filed by the Department of Human Services throughout the eighteen years after the birth of the child. To us, this is the plain meaning of the statute; it cannot be construed to

mean, as defendant Lumley contends, that the Department is bound by the two-year period if the putative father has not acknowledged the child in writing or by providing support.

This issue having been disposed of, it would be pointless to remand the cause to the Court of Appeals in this particular case. Instead, we reverse the ruling of the Court of Appeals dismissing the Rule 9 appeal, and remand the cause to the juvenile court of Shelby County, from which the interlocutory appeal was taken, for further proceedings.

The costs of this appeal are taxed to the defendant Lumley.

Affirmed action of the juvenile court and remanded.

HARBISON, C.J., and FONES, COOPER and BROCK, JJ., concur.