**STATE of Tennessee, ex rel. Judy WINBERRY, Plaintiff-Appellee,**

v.

**Robert BROOKS, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section.

March 13, 1984.

Application for Permission to Appeal Denied by Supreme Court May 29, 1984.

T.J. Emison, Jr., Alamo, for defendant-appellant.

Kathleen A. Maloy, Asst. Atty. Gen., Nashville, for plaintiff-appellee; William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, of counsel.

## OPINION

BROOKS McLEMORE, Special Judge.

This case was originally filed against Robert Brooks in the Juvenile Court for Crockett County. That Court entered a judgment of paternity against Brooks. Brooks appealed the judgment of the Juvenile Court to the Circuit Court of Crocket County for trial de novo. The State filed a Motion to Dismiss for lack of jurisdiction. The Circuit Court sustained the State's Motion and dismissed the appeal on the ground that Circuit Court lacked jurisdiction to hear the appeal.

The case is presently before this Court on the single issue of whether the Circuit Court had jurisdiction to hear Brooks' appeal.

Appellant rests his appeal on four statutes quoted in his brief.[1]

Appellant argues that since "the Juvenile Court is part of the General Sessions Court" that T.C.A. § 27–5–108 governing appeals from that Court is applicable to this appeal and that since T.C.A. § 36–235 contains the word "may" it does not provide an exclusive method of appeal but is nothing more than an alternative method of review.

We do not agree and therefore affirm the judgment of the Trial Court.

This case *to establish the paternity of a child* was brought in the *Juvenile Court* of Crockett County and jurisdiction of that court in the present case arose out of the provisions of T.C.A. § 36–222 *et seq.* which sections are entitled BASTARDY. Original and exclusive jurisdiction of this subject matter is conferred upon the Juvenile Court by Section 36–224(3). A complete procedure is set out in the sections following and a provision for appeal is specifically spelled out in T.C.A. § 36–235, which is quoted in paragraph four of footnote 1. Thus, it may be seen that this statute standing alone is complete.

To bring such an action it is only necessary to find the Juvenile Court. For many years the Juvenile Court of counties the size of Crockett County was the County Court or Probate Court. Following the decision in *State ex rel. Anglin v. Mitchell*, 596 S.W.2d 779 (Tenn.1980) the location and composition of the Juvenile Court was sometimes confusing. The legislature in response to that case and difficulties with interim legislation, has made significant changes to Chapter 2 of Title 37 T.C.A. entitled JUVENILE COURTS. (T.C.A. § 37–201 *et seq.*)

1. T.C.A. § 37–202(8) "Juvenile Court" means the General Sessions Court in all counties of this State except in those counties and municipalities in which special Juvenile Courts are provided by law, and "Judge" means Judge of the Juvenile Court.

T.C.A. § 27–5–108. Appeal from General Sessions Court.—(a) Any party may appeal from an adverse decision of the General Sessions Court to the Circuit Court of the county within a period of ten (10) days on complying with the provisions of this chapter.

... (c) Any appeal shall be heard de novo in the Circuit Court.

T.C.A. § 16–10–112. Appellate Jurisdiction.—The Circuit Court has an appellate jurisdiction of all suits and actions, of whatsoever nature, unless otherwise provided, instituted before any inferior jurisdiction, whether brought by appeal, certiorari, or in any other manner prescribed by law.

T.C.A. § 36–235. Appeals.—An appeal from any final order or judgment of any court having jurisdiction of the proceedings as provided for in this chapter [paternity] *may* (emphasis added) be taken to the Court of Appeals within thirty (30) days after the entry of said order or judgment, and the same shall be governed by the Tennessee Rules of Appellate Procedure.

For example, that statute, too, provides that juvenile courts shall have jurisdiction of paternity cases,[2] however no specific procedure is set out with reference to this subject matter. It provides that general sessions courts shall "exercise juvenile court jurisdiction" in counties like Crockett County and limits commitment powers to judges who are attorneys;[3] provides that any general sessions court "exercising juvenile court jurisdiction" shall have the title and style of Juvenile Court and shall maintain separate docket and minutes, and hearings shall be separate from General Sessions Court proceedings;[4] provides that the clerks shall maintain separate minutes, dockets and records for the Juvenile Court proceedings and authorizes county legislative bodies to provide for additional compensation to General Sessions Court Judges where the General Sessions Court is also the Juvenile Court.[5]

■ After consideration of the language of these code sections we conclude that the legislature never intended to make the Juvenile Court a General Sessions Court. It is apparent to us that the intention was to transfer jurisdiction of the Juvenile Court to the General Sessions Court and to make the General Sessions Court a Juvenile Court when the subject matter before the court was within the jurisdiction conferred upon Juvenile Courts. Thus, we are of the opinion that laws dealing with appeals from the General Sessions Court when that court is exercising non-juvenile court jurisdiction are not controlling here.

The controlling law of this case is the appellate procedure provided for Juvenile Courts.

T.C.A. § 37–258 provides for appeals from the Juvenile Court.[6] This section deals with "any appeal from any final disposition of a child" with an exception not applicable here. As pointed out above the Juvenile Court law (T.C.A. § 37–203(3)) confers jurisdiction of cases to establish paternity but these cases do not deal with "any final disposition of a child" and therefore that code section is inapplicable to paternity cases. See *Tennessee Dept. of Human Services v. Lumley*, 638 S.W.2d 381 (Tenn.1982). As far as we can ascertain, no specific method of appeal is provided by that statute in cases to establish paternity, whereas Chapter 2 of Title 36, BASTARDY (T.C.A. § 36–235) expressly

2. 37–203. Jurisdiction.—(a) The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this chapter:

(3) All cases to establish paternity of children born out of lawful wedlock; to provide for the support and education of such children, and to enforce its orders.

3. 37–263. Jurisdiction of general sessions court.—The general sessions courts shall exercise juvenile court jurisdiction in all of the counties of this state except in the counties or municipalities in which juvenile courts are or may hereafter be specially provided by law; provided, however, only general sessions court judges who are attorneys may order commitment to the Tennessee department of correction.

4. 37–264. Procedure in general sessions court.—Any general sessions court exercising juvenile court jurisdiction shall, when exercising such jurisdiction, have the title and style of juvenile court of ____ county, and shall maintain a separate juvenile court docket and minutes, and hearings pursuant to this title shall be separate from general sessions court proceedings.

5. 37–270. Clerks of general sessions courts.—In those counties in which the general sessions court is also the juvenile court, the clerk of the court exercising juvenile jurisdiction in such counties prior to May 19, 1982 shall serve as clerk of the general sessions court when it is exercising juvenile jurisdiction after May 19, 1982 unless otherwise provided by law. Such clerks shall maintain separate minutes, dockets, and records for all matters pertaining to juvenile court proceedings as required by law. County legislative bodies may, in their discretion, provide additional compensation to general sessions court judges in such counties.

6. 37–258. Juvenile court—Court of record—Appeal to circuit court—Transfer to criminal court —Appeals.—(a) The juvenile court shall be a court of record and any appeal from any final disposition of a child, except a disposition pursuant to § 37–234, may be made to the circuit court which shall hear the testimony of witnesses and shall try the case de novo. Said appeal shall be perfected within ten (10) days excluding nonjudicial days, following the juvenile court's disposition. . . .

provides a method of review by the Court of Appeals.

We hold that in cases to establish paternity brought under our bastardy statute, that the Circuit Court has no jurisdiction unless the defendant timely demands a jury trial under T.C.A. § 36–227, and that the exclusive method of appellate review is that provided by T.C.A. § 36–235.

The judgment of the Circuit Court of Crockett County in dismissing the appeal is affirmed.

NEARN, P.J., W.S., and CRAWFORD, J., concur.