**Robert E. COOPER, II,
Plaintiff-Appellant,**

v.

**Patricia Lynn THOMPSON, and Albert
Kuhn Thompson, Defendants-Appellees.**

Court of Appeals of Tennessee,
Western Section, at Nashville.

Dec. 24, 1985.

Application for Permission to Appeal
Denied April 28, 1986.

Barbara D. Holmes, Andrew J. Shook-hoff, Nashville, for plaintiff-appellant.

Michael Williamson, Edward L. Hiland, Nashville, for defendants-appellees.

CRAWFORD, Judge.

Plaintiff Robert E. Cooper appeals from an order of the Circuit Court dismissing his petition to declare him the natural father of a child born to defendant Patricia Lynn Thompson while she was lawfully married to defendant Albert Thompson.

The petition was originally filed in the Juvenile Court and was dismissed after an evidentiary hearing in that court. Plaintiff appealed from this dismissal to the Circuit Court for a trial *de novo*. The record in this court does not contain any transcript or statement of the evidence of the Juvenile Court proceeding. At the conclusion of the *de novo* trial, the Circuit Court dismissed plaintiff's petition on the grounds that plaintiff had no standing to bring such a petition. From this order, plaintiff appeals to this court presenting four issues for review. One of the issues is whether the trial court erred in dismissing plaintiff's petition for lack of standing.

In the Circuit Court, appellees moved to dismiss plaintiff's case on the grounds that

the Circuit Court did not have jurisdiction to hear the case because it should have been appealed to the Court of Appeals pursuant to the Tennessee Rules of Appellate Procedure. This motion was overruled and appellees have presented for review in this court the additional issue of whether an appeal lies from the Juvenile Court to the Circuit Court in legitimation cases. For reasons hereinafter evident, we will consider appellees' issue first.

T.C.A. § 36–2–201 (1984) provides:

*Jurisdiction.*—The circuit, juvenile, and probate courts have concurrent jurisdiction to legitimate children upon application by the natural father of the children. The application may be filed in the county in which the father resides or the county in which the children reside or are present when the application is made.

This section is found in the Code under Part 2, "Legitimation" of Chapter 2 dealing with the general subject of paternity. In this chapter of the Code there is no express statutory provision for appeal in matters dealing with legitimation.

■ Plaintiff contends that T.C.A. § 37–1–159 (1984) is the controlling statute concerning appeal from the Juvenile Court's order. We disagree. The pertinent part of the statute states:

(a) The juvenile court shall be a court of record and *any appeal from any final disposition of a child,* except a disposition pursuant to § 37–1–134, may be made to the circuit court which shall hear the testimony of witnesses and shall try the case de novo.... *(Emphasis supplied).*

This appeal statute is found in the chapter of the Code dealing with juvenile courts and proceedings therein and is concerned with appeals as to those matters for which jurisdiction is established by this chapter and as further limited by this court in *State ex rel. Winberry v. Brooks,* 670 S.W.2d 631 (Tenn.App.1984) to "any appeal from any final disposition of a child." In *Winberry* this court noted that the establishment of paternity did not deal with "any final disposition of a child" within the meaning of the Code section and that there-

fore the appeal provided therein is inapplicable to such proceedings. We see no difference between establishment of paternity and legitimation insofar as such action pertains to a "final disposition of a child."

■ Prior to the effective date of T.C.A. § 37–1–101 (1984) regarding juvenile courts and proceedings, our Supreme Court considered the case of *In Re Scalf's Adoption,* 176 Tenn. 581, 144 S.W.2d 772 (1940), which involved an appeal from the Juvenile and Domestic Relations Court of Knox County in which the petitioner had sought custody of two minors prior to seeking their adoption. The Court held that the appeal from the order granting custody should properly go to the Circuit Court because it was an appeal of an "ordinary juvenile court case" involving the care and custody of dependent children. In so doing, however, the Court distinguished such a situation from that where the lower court had concurrent jurisdiction with the Circuit and Chancery Courts by saying:

Now, a jurisdiction concurrent with the circuit and chancery courts is a jurisdiction the exercise of which is reviewable in the Court of Appeals or in this court. We therefore think that appeals from the Juvenile and Domestic Relations Court of Knox County in cases where that court exercises the jurisdiction conferred by section 10 of the Act of 1925 should properly be taken to the Court of Appeals or to this court as the nature of the case may require.

*Id.* at 586, 144 S.W.2d at 774.

Now the "ordinary" jurisdiction of the juvenile court appears to be that as delineated in T.C.A. § 37–1–101 (1984) et seq. and the statute regarding appeals in that chapter of the Code provides for appeal to the circuit court for matters involving "final disposition of a child." However, a separate statute, T.C.A. § 36–2–201 (1984), specifically gives the juvenile court, the circuit court and others concurrent jurisdiction to legitimate children. Without express statutory authority to the contrary, we cannot envision an appeal between two courts exercising concurrent jurisdiction which would enable a party to have two trials of

equal stature on the same matter. Accordingly, we hold that in matters of legitimation as provided in T.C.A. § 36–2–101 (1984) et seq. the appeal from the court of original jurisdiction is to the Court of Appeals. Therefore, appellees' motion to dismiss the proceedings in Circuit Court should have been granted.

Since the interests of a child are involved, we will comment briefly on the appellant's issue of whether the trial court erred in dismissing the petition for lack of plaintiff's standing to seek the relief. Although without jurisdiction to hear the case on *de novo* appeal, the trial court's dismissal for lack of standing was correct.

 It is undisputed that the child which plaintiff claims is his was born to defendant Patricia Lynn Thompson while she was married to defendant Albert K. Thompson. The Eastern Section of this court decided this precise question in *Cunningham v. Golden,* 652 S.W.2d 910 (Tenn. App.1983). In *Cunningham,* the trial court held that the plaintiff putative father could not assert his paternity of the minor child who was conceived and born while the mother thereof was separated from, but engaging in conjugal visits with, her husband. The court applied T.C.A. § 36–302 (now T.C.A. 36–2–202 (1984)) which provides as follows:

> *Petition for legitimation.*—An application to legitimate a *child not born in lawful wedlock* is made by petition, in writing, signed by the person wishing to legitimate such child, and setting forth the reasons therefor and the state and date of the child's birth. (Emphasis supplied).

The court held that the meaning of the phrase "a child not born in lawful wedlock" as found in § 36–2–202 means one not already legitimate by virtue of having been born to a mother who is married. A proper use of the legitimation statute does not envision an action which would first bastardize a legitimate child in order that someone else may satisfy a paternal claim and then legitimate the child. The legitimation statutes are for the protection of the child, and are not for the purpose of allowing parents, biological or otherwise, to stake out claims to the child. We agree with Judge Goddard's statement in *Cunningham:*

> Finally, it seems anomalous to us that a statute which was enacted for the benefit of children could be used to make those presumed in law to be legitimate illegitimate so that they then could be made legitimate again.

*Id.* at 913.

Although we agree with the Circuit Court's dismissal of plaintiff's case for lack of standing, we are compelled to reverse the order of the Circuit Court denying appellees' motion to dismiss for lack of jurisdiction. Therefore the plaintiff's appeal from Juvenile Court to Circuit Court is dismissed and the Juvenile Court's order of dismissal is reinstated. Costs are assessed against the appellant.

TOMLIN and HIGHERS, JJ., concur.