IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 10, 2005

# STATE OF TENNESSEE ex rel. WILLIAM L. GIBBONS, DISTRICT ATTORNEY GENERAL v. CLUB UNIVERSE

**An Appeal from the Circuit Court for Shelby County**
**CT-005010-04     Rita L. Stotts, Judge**

**An Appeal from the General Sessions Environmental Court for Shelby County**
**No. 1040665     Larry Potter, Judge**

_____

**No. W2004-02761-COA-R3-CV - Filed July 26, 2005**

_____

This is a public nuisance case. The Shelby County district attorney general filed a petition in general sessions court, asking the court to declare a local nightclub a public nuisance and to enjoin the nightclub from further operation.  This division of the general sessions court was designated as an environmental court pursuant to Tennessee statute.  After a hearing, the environmental court found that the nightclub was a public nuisance and permanently enjoined operation of the nightclub.  The nightclub appealed this ruling to both the circuit court, requesting *de novo* review, and to this Court. The circuit court held that it did not have jurisdiction to hear the appeal because the appeal would lie with this Court.  Because the environmental court had concurrent jurisdiction with the circuit court, we affirm the trial court's holding that the appeal from environmental court lies in this Court. Further, we affirm the environmental court's finding that the nightclub is a public nuisance and the grant of a permanent injunction.

**Tenn. R. App. P. 3 Appeal as of Right; the Decision of the Circuit Court is Affirmed**;
**the Decision of the Environmental Court is Affirmed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Jeffrey Jones, Bartlett, for respondent/appellant Club Universe

Lyndsay Fuller Hood, Assistant Attorney General and Steven A. Hart, Special Counsel, Office of the Tennessee Attorney General, Nashville, for petitioner/appellee State of Tennessee

**OPINION**

Juan Cantu ("Cantu") owned a nightclub located in Memphis, Tennessee, Respondent/Appellant Club Universe. On July 24, 2004, the Petitioner/Appellee, the State of Tennessee ("State") by Shelby County District Attorney General William L. Gibbons ("Gibbons"), filed a Petition for Abatement of Nuisance in the Shelby County General Sessions Court. The petition alleged that Club Universe was a nuisance as defined under section 29-3-101 of the Tennessee Code Annotated.[1] The petition stated that law enforcement officials had been investigating activities at Club Universe over many months, in which there were numerous sales of cocaine to undercover police officers as well as repeated sales of liquor to minors. During the time in question, there were multiple arrests at or near Club Universe for multifarious offenses, including possession and sale of narcotics and controlled substances, unlawful possession of weapons, physical assaults, shootings, carjackings, theft, and permitting juveniles in the nightclub. The petition asserted that Club Universe was connected to gang activity and was "marked" by graffiti as a gang gathering place. The petition sought a judgment declaring Club Universe to be a public nuisance.

The petition was filed in Division XIV of the Shelby County General Sessions Court, Judge Larry Potter, which had been declared an environmental court ("Environmental Court") pursuant to section 29-3-102 of the Tennessee Code Annotated. Section 29-3-102 states:

> The jurisdiction is hereby conferred upon the chancery, circuit, and criminal courts and any court designated as an environmental court pursuant to Chapter 426 of the Public Acts of 1991 to abate the public nuisances defined in § 29-3-101, upon petition in the name of the state, upon relation of . . . any district attorney general. . . .

Tenn. Code Ann. § 29-3-102 (2000).

On July 23, 2004, the Environmental Court entered a temporary injunction that allowed law enforcement officials to close and padlock Club Universe. The order set a hearing on the State's request for a permanent injunction on July 30, 2004.[2] The State filed an affidavit by Investigator Ronnie Wilkinson ("Wilkinson") of the Shelby County Attorney General's Office stating that he, along with members of the Shelby County Metro Gang Unit, served notice of the injunction on Club

---

[1]The Tennessee statute defines nuisance as:

any place in or upon which lewdness, assignation, promotion of prostitution, patronizing prostitution, unlawful sale of intoxicating liquors, unlawful sale of any regulated legend drug, narcotic or other controlled substance, unlawful gambling, and sale, exhibition or possession of any material determined to be obscene or pornographic with intent to exhibit, sell, deliver, or distribute matter or materials, . . . quarreling, drunkenness, fighting or breaches of the peace are carried on or permitted, and personal property, contents, furniture, fixtures, equipment and stock used in or in connection with the conducting and maintaining any such place for any such purpose.

Tenn. Code Ann. § 29-3-101(2) (2000).

[2]By agreement of the parties, the matter was continued until August 11, 2004.

Universe on July 23, 2004. Wilkinson stated that Club Universe's owner, Cantu, personally received notice of the injunction and was notified of the date of the hearing on the matter.

On August 10, 2004, Club Universe filed a response to the Petition asserting, *inter alia*, that a permanent shutdown of Club Universe was not warranted and that Club Universe should be given an opportunity to abate the nuisance. Club Universe contended that the Environmental Court did not have the authority under Tennessee law to permanently enjoin operation of the Club.

The Environmental Court heard testimony on the matter on August 11, 2004. After argument by the attorneys on the authority of the Environmental Court, the court held that it had been given the authority to grant a permanent injunction under section 29-3-102, in that the statute specifically grants the Environmental Court jurisdiction to "abate the public nuisances defined in Section 29-3-101." Tenn. Code Ann. § 29-3-102. In an order dated August 19, 2004, the Environmental Court noted the ongoing sale of illegal narcotics and breaches of the peace at Club Universe. It found that the security at Club Universe "has not and will not solve the problems" and that "any continuation of the operation as it exists would constitute a continuing nuisance." In light of this, the Environmental Court concluded that Club Universe was a public nuisance. It granted the State a permanent injunction, enjoining Club Universe or any successor business entity from operating a nightclub or similar business at that location.

On August 27, 2004, Club Universe appealed the August 19 order of the Environmental Court. Because the Environmental Court in Shelby County is a Division of General Sessions Court, and appeals from General Sessions Court are normally *de novo* appeals to Circuit Court,[3] Club Universe was uncertain whether the appeal from the Environmental Court's order would lie in Circuit Court or this Court. Consequently, Club Universe filed simultaneous appeals in the Circuit Court and in this Court.

In Shelby County Circuit Court, Club Universe filed a motion to vacate the order of the Environmental Court. Club Universe asserted that the Environmental Court erred in finding that it had the authority to issue a permanent injunction in cases of public nuisance. Club Universe also asserted that, since the hearing in the Environmental Court, it had learned that the State obtained the temporary injunction on July 23, 2004 and shut down Club Universe later that evening, but did not file its Petition until July 26, 2004. In light of that fact, Club Universe argued, the Environmental Court did not have jurisdiction to close the Club on July 23. Club Universe then requested a hearing on its motion to vacate.

---

[3] Pertinent sections of section 27-5-108 of the Tennessee Code Annotated are as follows:

(a)(1) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.
* * *
(c) Any appeal shall be heard *de novo* in the circuit court.

T.C.A. § 27-5-108(a), (c) (2000).

In response, the State filed a motion to dismiss Club Universe's motion in Circuit Court, maintaining that the General Sessions Court, as the designated Environmental Court, had the authority under Tennessee statutes to issue a permanent injunction. The State argued that, because Tennessee statutes provide that the Environmental Court has jurisdiction concurrent with that of the Circuit Court, the Circuit Court does not have jurisdiction to review a decision of the Environmental Court.

By order dated October 10, 2004, the Circuit Court agreed with the argument of the State and ruled that the General Sessions Court, when acting as an Environmental Court pursuant to statute, exercised concurrent or equal jurisdiction with the Circuit Court. Accordingly, the Circuit Court held that it did not have jurisdiction to hear the appeal.

In this Court, Club Universe first appeals the Circuit Court's decision that it did not have jurisdiction to hear the appeal. Club Universe asserts as well that the Environmental Court did not have the authority to issue a permanent injunction against Club Universe. Finally, Club Universe asserts on appeal that the State's failure to file its petition for abatement of the nuisance "prior to the issuance of the temporary injunction was unlawful and must result in dismissal of the permanent injunction."[4]

Since this case was tried by the trial court sitting without a jury, we review the trial court's factual findings *de novo* on the record accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996); Tenn. R. App. P. 13(d). The trial court's legal conclusions are reviewed *de novo* with no presumption of correctness. ***Campbell***, 919 S.W.2d at 35.

On appeal, Club Universe first argues that the Circuit Court erred in refusing to hear its appeal from the General Sessions Court. Club Universe notes that appeals from judgments from a General Sessions Court are ordinarily granted *de novo* review in Circuit Court pursuant to section 16-15-729.[5] Club Universe states that absent legal authority depriving Club Universe of its right to a *de novo* appeal as set forth in section 16-15-729, the Circuit Court should have held a *de novo* trial. In

---

[4]Club Universe does not appeal the substantive finding that its operation constituted a public nuisance, and the testimony supporting this finding is not included in the record on appeal.

[5]Section 16-15-729 of the Tennessee Code Annotated states:

No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

Tenn. Code Ann. § 16-15-729 (1994). Section 27-5-108(a) of the Tennessee Code Annotated states that appeals from general sessions courts lie in the circuit courts. Tenn. Code Ann. § 27-5-108(a) (2000).

response, the State asserts that, in an abatement action such as this, the Environment Court functions as the equivalent of a circuit, chancery, or criminal court, and thus an appeal from the Environmental Court, like the equivalent courts, would lie in this Court.

Circumstances analogous to those in this case were presented in *Cooper v. Thompson*, 710 S.W.2d 944 (Tenn. Ct. App. 1985). In *Cooper*, the plaintiff filed a petition in the Juvenile Court, seeking a declaration that he was the natural father of a child born to a woman who was married to another man at the time of the birth. *Cooper*, 710 S.W.2d at 944. After an evidentiary hearing, the Juvenile Court dismissed the plaintiff's petition. *Id*. The plaintiff appealed the dismissal to Circuit Court, seeking a *de novo* trial. *Id.* In Circuit Court, the defendants moved to dismiss the complaint, asserting that the appeal would lie with the Court of Appeals rather than with the Circuit Court. *Id*. at 945. This motion was overruled. *Id.* The Circuit Court held a *de novo* trial, ultimately holding that the plaintiff did not have standing to file the petition. *Id.* at 944. The plaintiff then appealed to this Court. *Id.* at 945. The defendants cross-appealed, and argued on appeal that the appeal from the Juvenile Court should have been filed in this Court instead of in the Circuit Court. *Id.*

On appeal, this Court noted in *Cooper* that, generally, an appeal from an order of the Juvenile Court is made to the Circuit Court. *Id.*; *See* T.C.A.§ 37-1-159 (2001). However, the Tennessee statute governing the legitimation of children conferred on the Juvenile Court concurrent jurisdiction with the Circuit Court. *Id*. The *Cooper* court observed that there was no express statutory provision for appeals in legitimation cases. *Id.* However, based on the fact that the jurisdiction of the Juvenile Court in legitimation cases was concurrent with the jurisdiction of the Circuit Court, this Court held that the appeal from a Juvenile Court decision on legitimation would lie with the Court of Appeals. *Id.* The *Cooper* court stated, "[w]ithout express statutory authority to the contrary, we cannot envision an appeal between two courts exercising concurrent jurisdiction which would enable a party to have two trials of equal stature on the same matter." *Id*. at 945-46. Consequently, the appellate court held that the defendants' motion to dismiss the proceedings in Circuit Court should have been granted. *Id.* at 946.

Clearly the situation in the case at bar is analogous to the circumstances presented in *Cooper*. In the instant case, the court which happens to be designated the Environmental Court in Shelby County is a division of the Shelby County General Sessions Court. As in *Cooper*, appeals from General Sessions Court are normally to Circuit Court, for a trial *de novo*. However, in this case, the General Sessions functioned as the Environmental Court, which by statute has been given concurrent jurisdiction with the Circuit Court in an action to abate a public nuisance. As in *Cooper*, there is no express statutory provision for an appeal from an abatement decision by a General Sessions Court which has been designated the Environmental Court. The reasoning in *Cooper* is applicable here; in the absence of express statutory authority to the contrary, "we cannot envision an appeal between two courts exercising concurrent jurisdiction which would enable a party to have two trials of equal stature on the same matter." *Cooper*, 710 S.W.2d at 945-46.

This reasoning is consistent with this Court's holding in *King of Clubs, Inc., v. Gibbons*, 9 S.W.3d 796 (Tenn. Ct. App. 1999). In *King of Clubs*, the District Attorney General filed an abatement

action in Criminal Court against a nightclub, alleging that the nightclub was a public nuisance. *Id*. at 796. In response, the nightclub filed a separate lawsuit against the District Attorney General in Circuit Court, alleging that the club's activities were protected by the First Amendment to the United States Constitution and seeking to enjoin the District Attorney General from pursuing the abatement action in Criminal Court. *Id*. at 799. The Circuit Court issued a temporary injunction against the District Attorney General, enjoining him from seeking an injunction to close the nightclub. *Id*. at 798. The District Attorney General then filed an interlocutory appeal of the Circuit Court's ruling to this Court. *Id.* at 797. The Court of Appeals applied the "concurrent jurisdiction rule" and vacated the Circuit Court injunction, stating that a litigant "should not be permitted to run from one court of equal jurisdiction to another of the same jurisdiction and there relitigate the same matter." *Id*. at 799 (citing *Greenlaw v. Kernahan*, 36 Tenn. 371, 380 (1857)).

Club Universe attempts to distinguish *Cooper* from the case at bar by noting that a Juvenile Court is a court of record, whereas the General Sessions Court is not, arguing that a suit originating in General Sessions Court cannot comply with Rule 24(a) of the Tennessee Rules of Appellate Procedure, which requires that the appellant provide a record. *See* Tenn. R. App. P. 24(a). We must assume that the Legislature understood that the General Sessions Court is not a court of record in enacting legislation that provides for the designation of the Environmental Court. It does not render the concurrent jurisdiction rule inapplicable in this case. Consequently, we affirm the Circuit Court's dismissal of the Club Universe appeal from the Environmental Court.

Club Universe argues next that the Environmental Court did not have the authority to permanently enjoin the operation of the Club. Club Universe asserts that, under section 29-3-103 of the Tennessee Code Annotated, only a chancery, circuit, or criminal court has the authority to "abate and permanently discontinue" a nuisance.[6] Club Universe also asserts that the act that created the Environmental Court, Chapter 426 of the Public Acts of 1991, also fails to grant the authority to permanently enjoin the club from operating.

Under Section 29-3-102, the Environmental Court is granted jurisdiction to declare a nuisance. Tenn. Code Ann. § 29-3-102 (2000). Section 29-3-110 of the Tennessee Code Annotated then provides that if a court finds that a nuisance exists, then "the judgment or decree shall permanently enjoin the defendant from engaging in, conducting, continuing, or maintaining such nuisance." Tenn.

---

[6]Section 29-3-103 states:

> When a public nuisance, as defined in § 29-3-101 is kept, maintained, carried on, or exists in any county, a bill or petition may be filed in any chancery, circuit, or criminal court of such county, in the name of the state, by and upon the relation of the respective officers or persons named in § 29-3-102, against the person keeping, maintaining, or carrying on such nuisance, and all aiders and abettors therein, and the owners, proprietors, or agents or persons or corporations in charge or control of the building or place wherein such nuisance exists, for the purpose of having such nuisance abated and permanently discontinued.

Tenn. Code Ann. § 29-1-103 (2000).

Code Ann. § 29-3-110. Section 29-3-102 also states that the Environmental Court has jurisdiction "to abate the public nuisances." Tenn. Code Ann. § 29-3-102 (2000). To "abate" is to eliminate or nullify. *Black's Law Dictionary* 2 (7th ed. 1999). Clearly, to eliminate a public nuisance such as that which was found in this case, enjoining operation of the Club is necessary, and the statutes provide the Environmental Court with the authority to do so.

This conclusion is supported by the language in Chapter 426 of the Public Acts of 1991, which created the environmental court. The pertinent portion of the act states that "the judge of the [Environment Court] is hereby granted the power to issue injunctions, both mandatory and prohibitory, such power to be exercised as provided for in Rule 65 of the Tennessee Rules of Civil Procedure." 1991 Tenn. Public Acts 426. In this case, once the Environmental Court determined that Club Universe constituted a public nuisance, it had the authority to permanently enjoin its operation.

Finally, Club Universe argues that closing the club was illegal because the club was closed and padlocked on July 23, 2004, pursuant to an order signed on July 23, 2004, but not filed until July 26, 2004. Club Universe acknowledges that it did not raise this issue to the Environmental Court. Consequently, we must consider this issue waived on appeal. *See Simpson v. Frontier Comm. Credit Union*, 810 S.W.2d 147 (Tenn. 1991).

The decision of the Circuit Court, dismissing the appeal from the Environmental Court, is affirmed. The decision of the Environmental Court is affirmed as well. Costs of this appeal are taxed to Appellant, Club Universe, and its surety, for which execution may issue if necessary.

 

 

_____

HOLLY M. KIRBY, JUDGE